UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMERICAN BIO MEDICA CORPORATION,

                                    Plaintiff,

        -against-

                                                        **Civil Action No.:**
TODD BAILEY, APRIL BAILEY,                              **1:17-cv-00302, TJM-DJT**
PREMIER BIOTECH, INC., PREMIER BIOTECH LABS,
LLC and PECKHAM VOCATIONAL INDUSTRIES, INC.,

                                    Defendants.
_____


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANTS TODD BAILEY, APRIL BAILEY,
<u>PREMIER BIOTECH, INC. AND PREMIER BIOTECH LABS, LLC</u>**


April 6, 2017

O'CONNELL & ARONOWITZ, P.C.
Paul A. Feigenbaum (101620)
54 State Street
Albany, New York 12207
Tel.:  (518) 462-5601
Email:  pfeigenbaum@Oalaw.com

WINTHROP & WEINSTINE, P.A.
Joseph M. Windler, Esq. (MN #387758)
225 South Sixth Street
Capella Tower
Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6646
Email:  jwindler@winthrop.com

*Attorneys for Defendants Todd Bailey, April Bailey,*
*Premier Biotech, Inc. and Premier Biotech Labs, LLC*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...........................................................................1

PLAINTIFF'S ALLEGATIONS .........................................................................3

ARGUMENT ......................................................................................................5

    I.     THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANTS TODD BAILEY, APRIL BAILEY AND PREMIER BIOTECH LABS, LLC ...................................5

          A.     Legal Standard ...........................................................................5

          B.     Todd Bailey, April Bailey, and Premier Biotech Labs, LLC are not subject to general jurisdiction in New York ...................................7

          C.     Todd Bailey, April Bailey, and Premier Biotech Labs, LLC are not subject to specific jurisdiction in New York..................................8

               1.     The Court does not have long-arm jurisdiction over Defendants Todd Bailey, April Bailey or Premier Labs under CPLR 302(a)(1) ................................................8

                    a)     Defendants Todd Bailey, April Bailey and Premier Biotech Labs, LLC do not transact business in New York .....................................8

                    b)     Defendants Todd Bailey, April Bailey and Premier Biotech Labs, LCC do not contract to supply goods or services in New York .................................12

               2.     The Court does not have long-arm jurisdiction over Todd Bailey, April Bailey, or Premier Biotech Labs, LLC under CPLR 302(a)(3) .........................................12

    II.    THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) .........15

          A.     Motion to Dismiss Standard.......................................................15

          B.     Plaintiff Fails to State a Claim Against Todd Bailey for Breach of the Confidentiality Clause of the Employee Certification (Cause of Action I).....................................................................................16

          C.     Plaintiff Fails to State a Claim Against Todd Bailey for Breach of the Nonsolicitation Clause of the Employee Certification (Cause of Action II)....................................................................................18

i

D.      Plaintiff Fails to State a Claim Against Todd Bailey for Misappropriation of Trade Secrets (Cause of Action III)..........................19

E.      Plaintiff Fails to State a Claim Against April Bailey, Premier Biotech, Inc. and Premier Biotech Labs, LLC for Tortious Interference with Contract (Cause of Action IV) .....................................21

F.      Plaintiff Fails to State a Claim Against April Bailey, Premier Biotech, Inc. and Premier Biotech Labs, LLC for Unjust Enrichment (Cause of Action V) ..............................................................23

CONCLUSION........................................................................................................................25

# TABLE OF AUTHORITIES

**Page**

**Cases:**

*Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*,
   98 F.3d 25 (2nd Cir. 1996) ...................................................................................9

*Arrowsmith v. United Press Int'l*,
   320 F.2d 219 (2d Cir. 1963) .................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................15

*Ashland Mgmt., Inc. v. Janien*,
   82 N.Y.2d 395 (1993) .........................................................................................20

*AVRA Surgical Robotics, Inc. v. Gombert*,
   41 F. Supp. 3d 350 (S.D.N.Y. 2014) ...................................................................14

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*,
   902 F.2d 194 (2d Cir. 1994) .............................................................................5, 6

*Beatie & Osborn LLP v. Patriot Sci. Corp.*,
   431 F. Supp. 2d 367 (S.D.N.Y. 2006) ...................................................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................15

*Berman v. Sugo LLC*,
   580 F. Supp. 2d 191 (S.D.N.Y. 2008) .................................................................22

*Briarpatch Ltd. L.P. v. Phoenix Pictures, Inc.*,
   373 F.3d 296 (2d Cir. 2004) ...............................................................................23

*C.B.C. Wood Products, Inc. v. LMD Integrated Logistics Services*,
   455 F. Supp. 2d 218 (E.D.N.Y. 2006) .................................................................12

*Chevron Corp. v. Donziger*,
   871 F. Supp. 2d 229 (S.D.N.Y. 2012) .................................................................24

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ......................................................................................7, 15

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
   375 F.3d 168 (2d Cir. 2004) ...............................................................................16

*Faiveley Transport Malmo AB v. Wabtec Corp.*,
    559 F.3d 110 (2d Cir. 2009)................................................................19

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)...................................................................................8

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009).....................................................................15

*Jazini v. Nissan Motor Co.*,
    148 F.3d 181 (2d Cir. 1998).....................................................................6

*Kidney v. Webster*,
    2017 WL 758508 (N.D.N.Y. February 27, 2017)..................................6, 7, 8, 9

*Kirch v. Liberty Media Corp.*,
    449 F.3d 388 (2d Cir. 2006)...................................................................22

*Kramer v. Time Warner Inc.*,
    937 F.2d 767 (2d Cir. 1991)...................................................................17

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996)...................................................................5, 6

*Reed, Roberts Associates, Inc. v. Strauman*,
    40 N.Y.2d 303 (1976) ........................................................................18, 21

*Reich v. Lopez*,
    38 F. Supp. 3d 436 (S.D.N.Y. 2014).......................................................7

*Robert Half Int'l, Inc. v. Dunn*,
    2013 WL 10829925 (N.D.N.Y. Oct. 29, 2013) ....................................17, 20

*Robinson v. Overseas Military Sales Corp.*,
    21 F.3d 502 (2d Cir. 1994).....................................................................6

*Sea Tow Servs. Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*,
    779 F. Supp. 2d 319 (E.D.N.Y. 2011) .....................................................3

*Tamam v. Fransabank Sal*,
    677 F. Supp. 2d 720 (S.D.N.Y. 2010).....................................................5

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014)...........................................................................4

*Whitaker v. Am. Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001)........................................................................13, 14

*Yan's Video, Inc. v. Hong Kong TV Video Programs, Inc.*,
    133 A.D.2d 575 (1st Dept. 1987)...................................................................22

**Statutes:**

N.Y. Civ. Prac. L. & R. 301..............................................................................6, 7, 15
N.Y. Civ. Prac. L. & R. 302....................................................................................15
N.Y. Civ. Prac. L. & R. 302(a)...........................................................................2, 6, 8
N.Y. Civ. Prac. L. & R. 302(a)(1)......................................................8, 9, 10, 11, 12
N.Y. Civ. Prac. L. & R. 302(a)(2)...........................................................................12
N.Y. Civ. Prac. L. & R. 302(a)(3)........................................................12, 13, 14, 15
N.Y. Civ. Prac. L. & R. 302(a)(3)(i)........................................................................14
N.Y. Civ. Prac. L. & R. 302(a)(3)(ii)..................................................................14, 15

**Rules:**

Fed. R. Civ. P. 12(b)(2)....................................................................................1, 15
Fed. R. Civ. P. 12(b)(6)..............................................................................1, 15, 17
Fed. R. Evid. 201................................................................................................17

# PRELIMINARY STATEMENT

Defendants Todd Bailey, April Bailey, Premier Biotech, Inc. ("Premier"), and Premier Biotech Labs, LLC ("Premier Labs") (collectively, "Premier Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Verified Complaint ("Complaint"), pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). This Memorandum incorporates by reference the affidavits of Todd Bailey, April Bailey and Joseph M. Windler, submitted herewith.

Todd Bailey and April Bailey are Minnesota residents who conduct business through Minnesota entities, Premier and Premier Labs. Todd Bailey previously was affiliated with Plaintiff, first as an employee from April 2001 to September 2011, and then as a 1099 consultant from September 2011 until Plaintiff terminated the consulting relationship on December 23, 2016. While affiliated with the Plaintiff, Todd Bailey assisted in managing a public contract between the Plaintiff and the Michigan Department of Corrections ("DOC") that is set to expire in June 2017, and he had contact with a Community Rehabilitation Organization ("CRO"), Defendant Peckham Vocational Industries, Inc. ("Peckham"), located in Michigan. April Bailey is a Minnesota resident with no ties to Plaintiff. Premier and Premier Labs are Minnesota businesses also not affiliated or connected with Plaintiff.

This case is allegedly about the Premier Defendants' interference with an alleged contract between Plaintiff and DOC, and an alleged contract between Plaintiff and Peckham. Plaintiff accuses Todd Bailey of using confidential and proprietary information obtained by working with Plaintiff and soliciting a customer (DOC) and a distributor (Peckham) in breach of his employment agreement. But any information related to Plaintiff's relationship to or previous contract with DOC is public, and Todd Bailey's noncompete clause expired in September 2012, one year after Mr. Bailey's employment was terminated. Plaintiff accuses April Bailey, Premier and Premier

Labs of tortiously interfering with an alleged contract between Plaintiff and Peckham causing April Bailey, Premier and Premier Labs to be unjustly enriched. However, as Plaintiff admits, Plaintiff's contract with DOC is expiring because the "[r]equest for [p]roposals was issued by DOC on February 3, 2017, [and the] responses [are due] by March 3." In other words, Plaintiff's own allegations reveal that the DOC has not awarded Defendants **anything**; as such, they could not have been unjustly enriched. Further, Plaintiff has failed to plead that a valid contract between Plaintiff and Peckham exists – describing the relationship as "an agreement…to cooperate."

Todd Bailey, April Bailey, and Premier Labs move to dismiss Plaintiff's Complaint for lack of personal jurisdiction. Under United States Supreme Court authority and New York law, these Defendants are not subject to general jurisdiction because they do not have substantial forum contacts arising from their conduct that are so continuous and systematic to render them essentially at home in New York. They are also not subject to specific jurisdiction because none of them acted in New York so as to implicate N.Y. Civ. Prac. L. & R. ("CPLR") 302(a). Exercising jurisdiction on the facts of this case would violate New York law and the due process rights of Todd Bailey, April Bailey and Premier Labs.

Alternately, the Premier Defendants move to dismiss the Complaint for failure to state any claim for which relief can be granted. First, Todd Bailey did not violate the confidentiality or noncompete provisions of his employment agreement with Plaintiff or misappropriate Plaintiff's "trade secrets" because the alleged confidential and proprietary information is public and his noncompete provision expired in 2012. Second, April Bailey, Premier, and Premier Labs did not tortiously interfere with a contract because Plaintiff does not properly allege the existence of any valid contract, and said Defendants have not been unjustly enriched because Plaintiff fails to allege that April Bailey, Premier, and Premier Labs have actually received any benefit or gain.

Todd Bailey is a Minnesota resident living at 28115 Boulder Bridge Drive, Shorewood, Minnesota 55331.  Compl. ¶ 3; Affidavit of Todd Bailey ("Todd Bailey Aff.") ¶ 1.[1]  He is the President of Premier and Premier Labs.  Compl. ¶ 5; Todd Bailey Aff. ¶¶ 2-3.  He is also a former employee of, and later consultant to, Plaintiff.  *Id.* ¶ 8.  Plaintiff's Complaint does not establish why the exercise of personal jurisdiction over Todd Bailey is appropriate.

Premier is a Minnesota corporation with its principal place of business at 723 Kasota Avenue SE, Minneapolis, MN 55414.  Todd Bailey Aff. ¶ 2.  Premier Labs is a Minnesota limited liability company with its principal place of business at 723 Kasota Avenue SE, Minneapolis, MN 55414.  *Id.* ¶ 3.  Premier and Premier Labs allegedly are engaged in "the business of providing products and services not dissimilar from those provided by the Plaintiff."  Compl. ¶¶ 5-6.

April Bailey is the spouse of Todd Bailey.  *Id.* ¶ 4.  She is a Minnesota resident living at 28115 Boulder Bridge Drive, Shorewood, Minnesota 55331.  *Id.* ¶ 4; Affidavit of April Bailey ("April Bailey Aff.") ¶ 1.  She is the owner of Premier, but she does not have any interest or role in Premier Labs.  April Bailey Aff. ¶¶ 2-3.  Plaintiff's Complaint does not address why the exercise of personal jurisdiction over April Bailey and/or Premier Labs is appropriate.

Peckham is a Michigan domestic nonprofit corporation with a principal place of business at 3510 Capital City Boulevard, Lansing, Michigan 48906.  Compl. ¶ 7.

Todd Bailey was an employee of Plaintiff from approximately April 2001 to September 2011.  Compl. ¶ 8; Dkt. No. 2, Affidavit of Melissa A. Waterhouse, sworn to February 24, 2017

---

[1] The Court is permitted to rely on factual materials and evidence contained in the Affidavits of Todd Bailey and April Bailey for purposes of ruling on the Premier Defendants' motion challenging personal jurisdiction.  *See Sea Tow Servs. Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 779 F. Supp. 2d 319, 322 (E.D.N.Y. 2011) ("While the Court must generally accept well-pleaded allegations of fact as true when evaluating the plaintiff's prima facie case, the Court may also, in its discretion, consider evidence outside of the pleadings in resolving the motion.")

("Waterhouse Aff."), ¶ 9. From September 2011 to December 23, 2016, Todd Bailey had a 1099 consulting relationship with Plaintiff. Dkt. No. 2, Waterhouse Aff. ¶ 9; Compl. ¶ 18. The relationship ended when Plaintiff terminated Todd Bailey. Compl. ¶ 18. Plaintiff alleges that during Todd Bailey's employment and consulting relationship with Plaintiff he held a "senior management position," was the individual responsible for managing Plaintiff's contract with the DOC and served as Plaintiff's primary contact with Peckham. Compl. ¶¶ 9, 12, 15. Plaintiff does not allege that Todd Bailey transacted business or conducted these activities in New York.[2]

In September 2004, Todd Bailey signed an Employee Compliance Certification ("Employee Certification") with Plaintiff. Compl., Ex. A. Plaintiff alleges that Todd Bailey breached the Employee Certification in two ways allegedly harming Plaintiff's relationships with DOC and Peckham: (1) by using confidential and proprietary information as defined in the Employee Certification to advance the interests of Premier and Premier Labs; and (2) by soliciting DOC, a customer of Plaintiff, and Peckham a distributor of Plaintiff, within one year of the end of his employment. Compl. ¶¶ 26-28, 37, 38, Ex. A. Plaintiff's claims fail because the confidential and proprietary information is public, and Todd Bailey's noncompete clause expired in September 2012, one year after his employment with Plaintiff ceased. *See* Affidavit of Joseph M. Windler ("Windler Aff.") ¶¶ 2-5, Exs. 2-5; Compl. Ex. A; Dkt. No. 2, Waterhouse Aff. ¶ 9.

Plaintiff alleges that April Bailey, Premier, and Premier Labs "persuaded or otherwise incentivized Defendant Peckham to submit a proposal to supply DOC with drug testing kits in cooperation with Premier and Premier Labs, rather than with the Plaintiff" (Compl. ¶ 55) and that this alleged cooperation with Peckham, **if it results** in a contract with DOC, will cause April

---

[2] A plaintiff's activities alone will not confer jurisdiction over a defendant; instead, the court must analyze the contacts that the "defendant *himself* creates with the forum." *Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014) (internal quote omitted).

Bailey, Premier, and Premier Labs to "gain significant profits and revenues." Compl. ¶¶ 60-63 (emphasis added). However, Plaintiff does not allege that April Bailey and Premier Labs transacted business in New York or that April Bailey, Premier and Premier Labs have actually "gain[ed] significant profits and revenues." Plaintiff also fails to plead that it had a valid and binding contract with Peckham with which Defendants even could interfere; rather, Plaintiff only alleges that it had "an agreement with Peckham to cooperate..." Compl. ¶ 53.

Based on these allegations, Plaintiff alleges a variety of claims: (1) breach of contract (confidentiality provision) against Todd Bailey; (2) breach of a noncompete clause against Todd Bailey; (3) misappropriation of trade secrets against Todd Bailey; (4) tortious interference with a contract against April Bailey, Premier and Premier Labs; and (5) unjust enrichment against April Bailey, Premier and Premier Labs.

## ARGUMENT

I. **THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANTS TODD BAILEY, APRIL BAILEY AND PREMIER BIOTECH LABS, LLC**

### A. Legal Standard

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over a nonresident defendant. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). To survive a motion to dismiss, where no discovery has taken place, the plaintiff must plead factual allegations that constitute a *prima facie* showing of jurisdiction. *Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (citing *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 196-97 (2d Cir. 1994)). A *prima facie* showing of jurisdiction requires a plaintiff to plead facts which, if true, are sufficient in themselves to establish that jurisdiction is proper over defendants. *Tamam*, 677 F. Supp. 2d at 725. Pleadings that assert only "conclusory non-fact-specific jurisdictional

allegations" or state a "legal conclusion couched as a factual allegation" are not enough to meet plaintiff's burden. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998). Further, while a court should "assume the truth of all well-pleaded factual allegations that support a finding of personal jurisdiction…it should not draw argumentative references in the plaintiff's favor." *Kidney v. Webster*, 3:16-CV-0831 (LEK/DEP), 2017 WL 758508, *5 (N.D.N.Y. February 27, 2017) (citing *Ball*, 902 F.2d 194 at 197; *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)) (internal citations omitted).

Personal jurisdiction over a defendant in a diversity action is determined by the law of the forum in which the court sits. *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963). Here, that is New York. A court sitting in New York engages in a two-part inquiry to decide whether it may exercise personal jurisdiction over defendants. "First, [the court] must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." *Kidney*, 2017 WL 758508 at *5 (citing *Metro. Life*, 84 F.3d at 567).

There are two bases for personal jurisdiction in New York: (1) CPLR 301, which authorizes general jurisdiction; and (2) CPLR 302(a), which authorizes specific, or long-arm, jurisdiction. *Kidney*, 2017 WL 758508, at *5. Todd Bailey, April Bailey, and Premier Labs are not subject to personal jurisdiction under either of these grounds.[3]

---

[3] The Premier Defendants do not include Premier in their Rule 12(b)(6) motion to dismiss for lack of personal jurisdiction.

**B.** **Todd Bailey, April Bailey, and Premier Biotech Labs, LLC are not subject to general jurisdiction in New York**

CPLR 301 permits the exercise of general jurisdiction where a defendant "engages in a continuous and systematic course of doing business in New York." *Kidney*, 2017 WL 758508 at *5 (citation omitted). A defendant "is doing business and is therefore present in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Reich v. Lopez*, 38 F. Supp. 3d 436, 454 (S.D.N.Y. 2014) (internal citation omitted). However, after *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), it is unclear whether New York's "doing business" standard remains viable. *Id.* (citation omitted). Under *Daimler*, the relevant inquiry is not simply whether the "foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic," but rather "whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG*, 134 S. Ct. at 761 (2014) (internal citations omitted).

Todd Bailey, April Bailey, and Premier Labs are not subject to general jurisdiction in New York under either test. Premier Labs is a Minnesota limited liability company, with its principal place of business located in Minneapolis, Minnesota. Todd Bailey Aff. ¶ 3. Premier Labs has never transacted business or been registered to do business in New York, has no contracts to provide goods or services into New York, and maintains no offices or employees in New York. Todd Bailey Aff. ¶¶ 6-11. Plaintiff also alleges no facts regarding Premier Labs' operations, and makes no attempt to establish that Premier Labs is "essentially at home" in New York. Thus, Plaintiff has not shown that Premier Labs is subject to general jurisdiction in New York.

The same is true for Todd and April Bailey. "[F]or general jurisdiction over an individual to comport with due process, [d]efendants must be domiciled in New York, served in New York

or have otherwise consented to the court's jurisdiction." *Kidney*, 2017 WL 758508 at *5; *see also*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual…the exercise of general jurisdiction is the individual's domicile."). Todd and April Bailey are Minnesota residents. Compl. ¶¶ 3-4. They were not served in New York and have not consented to jurisdiction in New York. Todd Bailey Aff. ¶¶ 4, 5, April Bailey Aff. ¶¶ 4-5; Dkt. No. 2, Affirmation of William J. Better, sworn to on February 24, 2017, ¶ 16 ("In an **email** dated February 27, 2017, my office informed defendants Bailey, April Bailey…of the instant request…") (emphasis added). As a result, the Court cannot exercise general personal jurisdiction over them without violating due process. *See Kidney*, 2017 WL 758508 at *5.

### C. Todd Bailey, April Bailey, and Premier Biotech Labs, LLC are not subject to specific jurisdiction in New York

New York's long arm statute permits a court to exercise specific personal jurisdiction over an out-of-state domiciliary who:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2. commits a tortious act within the state ...; or
> 3. commits a tortious act outside the state causing injury to person or property within the state, ... if he
> > (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
> > (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

*Kidney*, 2017 WL 758508 at *6 (*citing* CPLR 302(a)).

### 1. The Court does not have long-arm jurisdiction over Defendants Todd Bailey, April Bailey or Premier Labs under CPLR 302(a)(1)

#### a) Defendants Todd Bailey, April Bailey and Premier Biotech Labs, LLC do not transact business in New York

Todd Bailey, April Bailey, and Premier Labs are not subject to specific jurisdiction in New York under CPLR 302(a)(1). Jurisdiction is proper under section 302(a)(1) only when: (1) the defendant has transacted business in New York; and (2) the cause of the action arises out of the subject matter of the transacted business. *Kidney*, 2017 WL 758508 at *6 (*citing Beatie & Osborn LLP v. Patriot Sci. Corp.,* 431 F. Supp. 2d 367, 387 (S.D.N.Y. 2006). A nonresident "transacts business" when it has purposefully availed itself of the privilege of conducting activities within New York, thereby invoking the benefits and protections of the laws. *Beatie*, 431 F. Supp. 2d at 387 (citations omitted).

The Second Circuit Court of Appeals has identified the following nonexhaustive list of factors to consider in determining whether an out-of-state defendant transacts business in New York under CPLR 302(a)(1):

> (1) whether the defendant has an on-going contractual relationship with a New York corporation; (2) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (3) what the choice-of-law clause is in any such contract; and (4) whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

*Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2nd Cir. 1996); *see also*, *Kidney*, 2017 WL 758508 at *6. No single factor is dispositive, but rather, a finding of personal jurisdiction must be based on the totality of the circumstances. *Agency Rent A Car*, 98 F.3d at 29.

Plaintiff's Complaint does not allege that Todd Bailey, April Bailey, or Premier Labs "transacted business in New York." Even were that alleged, Todd Bailey, Premier Labs, and April Bailey have not purposefully availed themselves of the privilege of conducting business in New York. As for April Bailey and Premier Labs, Premier Labs is a Minnesota company with its principal place of business in Minnesota, and April Bailey is a Minnesota resident. Todd Bailey

Aff. ¶¶ 1, 3; April Bailey Aff. ¶ 1.  Premier Labs has not transacted any business in New York, nor does it have any ongoing contracts in New York.  Todd Bailey Aff. ¶¶ 6, 8.  Nor has April Bailey transacted any business in New York, and she does not have any ongoing contracts in New York. April Bailey Aff. ¶ 8.  She also has never traveled to New York for business.  *Id*. ¶ 6.  Therefore, CPLR 302(a)(1) does not subject April Bailey or Premier Labs to personal jurisdiction in New York, and as a result, it is not necessary to engage in a due process analysis.

Nor has Todd Bailey transacted business in New York.  Plaintiff's allegations in the Complaint surrounding Todd Bailey relate to an expired 2004 Employee Certification.  Compl. ¶¶ 24-51; Ex. A.  Todd Bailey entered into the Employee Certification with Plaintiff on September 20, 2004.  *Id*. Ex. A.  But the Employee Certification is not "ongoing" because it expired in September 2011 when Todd Bailey ceased being an employee of Plaintiff.  Dkt. 2, Waterhouse Aff. ¶ 9; Compl. Ex. A. (showing that the Employee Certification only was applicable when Todd Bailey was an employee).  Following Todd Bailey's employment termination, he entered into a 1099 consulting relationship where he was an independent contractor for Plaintiff.  *See* Dkt. No. 2, Waterhouse Aff. ¶ 9. Todd Bailey's 1099 consulting relationship with Plaintiff lasted from September 2011 until Plaintiff terminated him on December 23, 2016.  Dkt. 2, Waterhouse Aff. ¶ 9; Compl. ¶ 18; Todd Bailey Aff. ¶ 17.

Even if Todd Bailey's Employee Certification or 1099 consulting relationship with Plaintiff are considered "ongoing" contractual relations with the Plaintiff, based on the totality of the circumstances, Todd Bailey is still not subject to jurisdiction in New York.[4]  First, Todd Bailey is a Minnesota resident that conducted the majority of his business in Minnesota.  Todd Bailey

---

[4] Todd Bailey has no other contracts in New York besides the expired Employee Certification and the terminated 1099 consulting relationship.  Todd Bailey Aff. ¶¶ 12-13.

Aff. ¶¶ 1, 18.  Second, Plaintiff does not allege Todd Bailey negotiated or executed his 2004 Employee Certification or his 1099 consulting relationship in New York or traveled to New York for the purpose of discussing the Employee Certification or the 1099 consulting relationship.  And, indeed, he did not.  *Id.* ¶¶ 20-21.  Third, Todd Bailey's 1099 consulting relationship did not have a choice of law provision.  *Id.* ¶ 23.  And, finally, the parties did not have a franchisor-franchisee relationship, so Todd Bailey could not be required to send notices and payment into New York or be subjected to supervision by a New York corporation.[5]  Quite simply, Todd Bailey has not purposefully availed himself of the privilege of conducting business in New York so as to subject himself to long-arm jurisdiction under CPLR 302(a)(1).

Only if the court determines that Todd Bailey transacts business in New York should it reach the second part of the transacting business test.  This part requires Plaintiff's cause of action to arise out of the subject matter of the defendant's transacted business.  CPLR 302(a)(1).  Here, the Complaint does not sufficiently allege that Plaintiff's causes of action "arise out of" or relate to any "business" that Todd Bailey allegedly transacted.  The Complaint alleges that Todd Bailey breached his Employee Certification to "advance the interests of [] Premier and Premier Labs" and to "persuade [] Peckham to use the products of [] Premier and Premier Labs … in the context of [] Peckham's proposal to DOC."  Compl. ¶¶ 27-28, 37-38.  But Peckham and DOC are Michigan entities, and Premier, Premier Labs, and Todd Bailey are Minnesota residents or businesses.  Further, Todd Bailey's Employment Certificate was executed by Todd Bailey in Minnesota, and any information that Todd Bailey allegedly used to allegedly breach his Employment Certificate

---

[5] Should the court extend factor four to nonfranchisees, Todd Bailey never was required to send notice or payments into New York, and indeed, he did not.  Todd Bailey Aff. ¶ 22.  Also, Todd Bailey could not be subject to supervision from Plaintiff because he worked for himself as an independent contractor – the 1099 relationship that Plaintiff itself alleges.  Compl. ¶¶ 8, 12, 18; Dkt. 2, Waterhouse Aff. ¶ 9, 12, 18.

was accessed and used in either Michigan or Minnesota, not New York. Todd Bailey Aff. ¶¶ 18, 20, 21, 23. Therefore, CPLR 302(a)(1) does not subject Todd Bailey to personal jurisdiction in New York, and as a result it is not necessary to engage in a due process analysis.

> **b)** **Defendants Todd Bailey, April Bailey and Premier Biotech Labs, LCC do not contract to supply goods or services in New York**

Nor are Todd Bailey, April Bailey, or Premier Labs, subject to specific jurisdiction in New York under the second prong of CPLR 302(a)(1). The second prong of CPLR 302(a)(1) extends to defendants who "contract anywhere to supply good or services in [New York]." *C.B.C Wood Products, Inc. v. LMD Integrated Logistics Services*, 455 F. Supp. 2d 218, 226 (E.D.N.Y. 2006) (citation omitted). Leaving aside that Plaintiff's Complaint asserts no nexus between the supply of goods and services and Plaintiff's claim, the Complaint does not even allege that Todd Bailey, April Bailey, or Premier Labs contract anywhere to supply good or services in New York, and in fact, they do not. Todd Bailey Aff. ¶ 13; April Bailey Aff. ¶ 9. *See C.B.C. Wood Products*, 455 F. Supp. 2d at 227 (finding no jurisdiction where plaintiff did not assert that the present dispute involved goods delivered or services to be performed in New York).

> **2.** **The Court does not have long-arm jurisdiction over Todd Bailey, April Bailey, or Premier Biotech Labs, LLC under CPLR 302(a)(3)**

While the Plaintiff's Complaint does not address why the exercise of personal jurisdiction over Todd Bailey, April Bailey and/or Premier Labs is appropriate, the last possible basis for specific jurisdiction against Todd Bailey, April Bailey and/or Premier Labs is under CPLR 302(a)(3).[6] And, like the previous sections, it does not confer jurisdiction. Section 302(a)(3)

---

[6] Personal jurisdiction, under 302(a)(2), which permits jurisdiction where a tortious act is committed within New York, is not applicable to Todd Bailey, April Bailey, or Premier Labs because the alleged torts committed by them did not take place in New York. *See* Compl. Cause of Action Three against Todd Bailey; Causes of Action One and Two against April Bailey, Premier, and Premier Labs; *Id.* ¶¶ 52-58.

permits personal jurisdiction over an out-of-state defendant where the defendant "commits a tortious act [outside] the state causing injury to person or property within the state…if [the defendant] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  CPLR 302(a)(3).

As an initial matter, courts determining whether there is injury in New York sufficient to warrant CPLR 302(a)(3) jurisdiction apply a situs-of-injury test.  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (citations omitted).  The situs of the injury is the location of the original event that caused the injury, not the location where the resultant damages are felt by the plaintiff.  *Id.* (citations omitted).  Personal jurisdiction is not permitted under Section 302(a)(3) "where the underlying events took place outside New York" and "the occurrence of financial consequences [happen to take place] in New York due to the fortuitous location of plaintiffs in New York".  *Id.* (citation omitted).

Here, Plaintiff's Complaint alleges that Todd Bailey misappropriated Plaintiff's trade secrets to advance the interests of Defendants Premier and Premier Labs in competing with Plaintiff to secure the DOC contract, and that April Bailey, Premier Labs, and Premier tortiously interfered with an alleged agreement between Plaintiff and Peckham by "persuading or incentivizing" Peckham to submit a proposal to DOC in cooperation with Premier and Premier Labs rather than with Plaintiff.  Compl. ¶¶ 46, 47, 55-57.  These allegations are insufficient to establish long-arm jurisdiction over Todd Bailey, April Bailey and/or Premier Labs.

The allegations show that the situs of Plaintiff's injury is not New York, where Plaintiff is located. It is either in Minnesota or Michigan, where the event that allegedly caused the injury

must have taken place. Plaintiff's alleged injury relates to April Bailey and Premier Labs "persuading and incentivizing" Peckham to submit a proposal with Premier and Premier Labs, instead of Plaintiff, for a contract in Michigan, and it relates to Todd Bailey's allegedly misappropriating trade secrets to advance the interests of Premier and Premier Labs to compete with Plaintiff for the same Michigan contract. *Id*. ¶¶ 46, 55. Thus, the injury must have taken place in either Minnesota, the principal place of business of Premier and Premier Labs and the domicile of Todd and April Bailey, or Michigan, the principal place of business of Peckham and the home of the Michigan DOC. *Id*. ¶¶ 3-7. The fact that Plaintiff may have felt financial consequences in New York is not enough to support jurisdiction under Section 302(a)(3), and the Court's analysis need not go further. *See Whitaker*, 261 F.3d at 209; *see also AVRA Surgical Robotics, Inc. v. Gombert*, 41 F. Supp. 3d 350, 361-62 (S.D.N.Y. 2014) (finding no personal jurisdiction when "situs of injury" was in Germany, rather than New York, the plaintiff's place of business, where the allegedly disloyal acts of plaintiff's former German employee all took place in Germany).

If, and only if, the Court determines that the situs of the Plaintiff's injury is in New York should the Court proceed to analyze a claim under CPLR 302(a)(3), subparts (i) and (ii). And, if the Court engages in such an analysis here, it will find that Todd Bailey, April Bailey, and Premier Labs are still not subject to jurisdiction in New York. As discussed above, the Complaint does not allege that Todd Bailey, April Bailey or Premier Labs regularly do, solicit or engage in business or derive substantial revenue from goods used or consumed or services rendered in New York. CPLR 302(a)(3)(i). And, indeed they do not. April Bailey Aff. ¶¶ 6, 8-11; Todd Bailey Aff ¶¶ 6-15. The absence of any connections between Todd Bailey, April Bailey, or Premier Labs and New York, along with the fact that the alleged conduct taking place outside New York, demonstrates

that Todd Bailey, April Bailey and Premier Labs could not expect that the alleged tortious conduct would have consequences in New York – and such expectation is not alleged in the Complaint, nor could it be. CPLR 302(a)(3)(ii); *see also* April Bailey Aff. ¶ 12; Todd Bailey Aff ¶ 25. April Bailey Aff. ¶ 13. Therefore, Todd Bailey, April Bailey, and Premier Labs are not subject to jurisdiction in New York under CPLR 302(a)(3).

As such, the Complaint against Todd Bailey, April Bailey, and Premier Labs should be properly dismissed under Fed. R. Civ. P. 12(b)(2) because general jurisdiction does not exist under CPLR 301 or under the constitutional standard in *Daimler*, and specific jurisdiction does not exist under CPLR 302.

## II.     THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6)

### A.     Motion to Dismiss Standard

A motion to dismiss is proper when the allegations fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). The court need not, however, accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Mere "labels or conclusions," or "a formulaic recitation of the elements" are not enough. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). Factual allegations that are merely consistent with liability fall short of this plausibility requirement. *Id*. Plaintiffs must provide sufficient factual information to provide the grounds on which their claim rests and to raise a right to relief above a speculative level. *Twombly*, 550 U.S. at 555. A complaint that fails to allege

facts in support of an essential element of a claim necessarily fails to show a plausible entitlement to relief.

**B.** **Plaintiff Fails to State a Claim Against Todd Bailey for Breach of the Confidentiality Clause of the Employee Certification (Cause of Action I)**

Cause of Action I of Plaintiff's Complaint fails to state a claim against Todd Bailey for breach of the confidentiality clause of his Employee Certification. To establish a breach of contract claim under New York law, a plaintiff must show: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) a breach of contract by the defendants, and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (citation omitted). Here, Plaintiff's claim fails because, based on Plaintiff's own allegations, Todd Bailey did not breach his Employee Certification.

Plaintiff alleges that Todd Bailey, in violation of his Employee Certification with Plaintiff, used confidential or proprietary information acquired in the course of his employment for a purpose other than to perform his duties with Plaintiff. Compl. ¶¶ 25, 27. However, none of the alleged confidential or proprietary information used by Todd Bailey is confidential or proprietary. The Complaint points out that Todd Bailey's Employee Certification defines proprietary information as "business plans and strategies, financial information, forecasts, marketing strategies and information, **information regarding customers and their specialized requirements, and information regarding customer contracts**." *Id*. ¶ 26, Ex. A (emphasis added). The Complaint further alleges that the confidential information that Todd Bailey allegedly used to breach his Employee Certification consists of "the specialized requirement of Plaintiff's relationship with DOC, such as the need for the involvement of a CRO, Defendant Peckham's availability and experience in performing that specialized service, and Defendant Peckham's financial arrangement with the Plaintiff." Compl. ¶ 27.

But all of this information cited by Plaintiff is **public**.  First, the customer contract between DOC and Plaintiff, referenced in the Complaint, is publicly available online on the State of Michigan's website.  *See* Windler Aff. Ex. 2, State of Michigan Enterprise Procurement, Department of Technology Management, and Budget contract between American Bio Medica Corporation and DOC, *available at* www.michigan.gov/documents/buymichiganfirst/9200053_260904_7.pdf; Compl. ¶ 11.[7]  Second, any "specialized requirements" for DOC pertaining to a proposed contract are also publicly available online and cannot be considered confidential.  *See* Windler Aff. ¶ 3, Ex. 3, Bid Solicitation #007117B0010238 for On-site Drug Test Kits for MDOC, *available at* www.buy4michigan.com/bso/external/bidDetail.sdo;jsessionid=8F775BC1AB3F7E0517C2F3E5 B45D3C5A.worker3?bidId=007117B0010238&parentUrl=activeBids (hereinafter "Bid Solicitation"); *see also Robert Half Int'l, Inc. v. Dunn*, No. 5:13-CV-974, 2013 WL 10829925, at *7 n.14 (N.D.N.Y. Oct. 29, 2013) (stating that "to the extent [a customer] publicly posts its needs, requirements, etc...such information clearly is not confidential.").[8]  Specifically, the Bid Solicitation makes DOC's specialized requirements noted by Plaintiff public as it states that "[t]he solicitation is designated as a Community Rehabilitation Organization (CRO) set aside." As for Peckham's availability and experience in providing CRO services, that too is public.  *See* Windler Aff. ¶ 4, Ex. 4, Peckham Inc.'s Website, About Us, History/Mission *available at*

---

[7] In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint, documents attached to the complaint as exhibits or incorporated in the complaint by reference, and matters of which judicial notice under Fed. R. Evid. 201. *Kramer v. Time Warner Inc*., 937 F.2d 767, 773 (2d Cir. 1991).  Here, the Court can review the contract between Plaintiff and DOC because the relationship and contract between Plaintiff and DOC is incorporated by reference in the Complaint and is public information.  *See Id*. at 774; Compl. ¶ 11; Fed. R. Evid. 201.

[8] The Court is permitted to review the Bid Solicitation because it is incorporated in the Complaint by reference and is also public information. *See* Compl. ¶¶ 17, 19-21.

http://www.peckham.org/About-Us/History-Mission-Values.aspx ("Peckham, Inc., a **nonprofit community rehabilitation organization**, is a unique business and human services agency that values quality, diversity and performance.") (emphasis added).[9]

Finally, pricing information related to Plaintiff's contract with DOC cannot be considered proprietary because it is included in the publicly available contract. *See* Windler Aff. Ex. 1. And, Peckham's financial arrangements with Plaintiff cannot be considered proprietary because Plaintiff included 2012 financial information in its publicly filed pleadings in this case. *See e.g.* Dkt. No. 2, Waterhouse Aff. Ex. D (providing various cost and margin information, including an e-mail from Doug Casterlin to Todd Bailey stating "there is no cost savings for ABMC sending bulk product in gaylords to Peckham…If ABMC does not supply the above items to Peckham the costs savings per test is $.0099."). Given that Plaintiff's alleged proprietary and confidential information is public, Plaintiff's claim fails because Todd Bailey did not and could not breach the confidentiality clause of his Employee Certification. *See* Compl. Ex. A, p. 2 ("My obligation related to the Information shall remain in effect until such time that the Information is no longer confidential or secret and **is known to the general public**.") (emphasis added); *see also Reed, Roberts Associates, Inc. v. Strauman*, 40 N.Y.2d 303 (1976) (holding employee possessed no confidential information, where the names and addresses of potential customers were readily available through public sources).

C. **Plaintiff Fails to State a Claim Against Todd Bailey for Breach of the Nonsolicitation Clause of the Employee Compliance Certification (Cause of Action II)**

Cause of Action II of Plaintiff's Complaint fails to state a claim against Todd Bailey because the nonsolicitation clause of his Employee Certification expired in 2012. Plaintiff alleges

---

[9] The Court is permitted to take judicial notice of Peckham's CRO status because it is public information.

that Todd Bailey violated the one year nonsolicitation clause contained in his Employee Certification when he solicited DOC, an alleged customer of Plaintiff, and Peckham, an alleged distributor of Plaintiff. Compl. ¶ 38. However, Todd Bailey's employment with Plaintiff ended in September 2011 when Todd Bailey entered into a 1099 consulting relationship with Plaintiff. Dkt. No. 2, Waterhouse Aff. ¶ 9. This distinction is important because the Employee Certification only refers to **employees, not consultants,** and the nonsolicitation clause specifically only prohibits solicitation one year after **employment**. *Id*., Ex. A. This means that Todd Bailey's nonsolicitation period ended in **September 2012**, one year after his termination from employment with Plaintiff. *Id*. (emphasis added). As a result, any activities by Todd Bailey following his termination as a consultant in December 2016 and into 2017 that are alleged to relate to Peckham and DOC are not in violation of Todd Bailey's Employee Certification, and Plaintiff's stated claim for breach of Todd Bailey's nonsolicitation clause fails.

**D.     Plaintiff Fails to State a Claim Against Todd Bailey for Misappropriation of Trade Secrets (Cause of Action III)**

Plaintiff's misappropriation of trade secrets claim fails because the alleged proprietary and confidential information used by Todd Bailey are not trade secrets. "To succeed on a claim for the misappropriation of trade secrets under New York law, a party must demonstrate: (1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means." *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009) (citation omitted). New York courts define a "trade secret" as "any formula, pattern, device or compilation of information which is used in one's business, and which gives the owner an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* To determine whether information constitutes a trade secret, New York courts have considered: (1) the extent to which the

information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Id.* (*citing Ashland Mgmt., Inc. v. Janien*, 82.N.Y.2d 395, 407 (1993)).

Here, Plaintiff alleges that Todd Bailey used proprietary and confidential information regarding "Plaintiff's contracts, pricing, product costs, internal sales strategies, legal and regulatory procedures, and competitive positions within the Plaintiff's industry" to advance the interests of Premier and Premier Labs in competing with Plaintiff to secure the DOC contract. Compl. ¶ 44-46. But as with Plaintiff's claim for breach of the confidentiality provision in Todd Bailey's Employee Certification, the information Plaintiff alleges Todd Bailey misappropriated is **public** and cannot be considered a trade secret. *See Robert Half*, 2013 WL 10829925, at *6 (for information to be a trade secret it cannot be readily ascertainable from public sources); *see also* Windler Aff. Exs. 2, 3.

First, the status of Plaintiff's contract with DOC is not a trade secret. The details of the current contract between Plaintiff and DOC, that is set to expire on June 30, 2017, is publicly available online. Windler Aff. Ex. 2. The status of a future contract is also public, as the State of Michigan posted the Request for Proposal ("RFP") for a contractor to provide drug kits to the DOC on a publicly available website. *Id*. Ex. 3. Second, Peckham's involvement with the continuance of a contract is not a trade secret. Peckham publicly holds itself out in the marketplace as a CRO, and the State of Michigan's RFP publicly states that the solicitation for bids for the on-site drug test kits is designated as a CRO set aside. *Id*. Exs. 3-4.

Finally, Plaintiff's allegation that Todd Bailey used "Plaintiff's internal costs and profit margins with regard to [Plaintiff's contract with DOC]" is also not a trade secret because Plaintiff did not adequately protect it and some of it is already public. *Id.* ¶ 46. The pricing information for the current contract set to expire between Plaintiff and DOC is included in the contract publicly available online. *See* Windler Aff. Ex. 2. Plaintiff also does not guard the secrecy of the pricing information for Plaintiff's expiring contract with DOC as required for information to be considered a trade secret. *See* Dkt. No. 2, Waterhouse Aff. Ex. D-E. The Complaint does not contain any allegations discussing the extent of measures taken to guard the secrecy of the information it alleges Todd Bailey misappropriated. And, in fact, Plaintiff does not guard the secrecy of this information. Plaintiff's filing in this case include documents discussing Peckham's pricing as compared to Plaintiff, work instructions for Plaintiff's Pilot Program with Peckham, and a December 13, 2016 e-mail from the DOC showing Plaintiff's pricing on a new item for its expiring DOC contract. *Id.* ¶ 33, Ex. D-E. Given that the information Todd Bailey allegedly used is public, and that Plaintiff did not allege measures taken to guard the secrecy of the information, and actually disclosed alleged proprietary information, Plaintiff's misappropriation of trade secrets claim against Todd Bailey fails. *See generally Reed, Roberts Assoc.*, 40 N.Y.2d at 308 (when information is readily discoverable through public sources, the information is not confidential). [10]

### E. Plaintiff Fails to State a Claim Against April Bailey, Premier Biotech, Inc. and Premier Biotech Labs, LLC for Tortious Interference with Contract (Cause of Action IV)

Plaintiff's tortious interference with contract claim fails because Plaintiff does not allege a valid contract existed between Plaintiff and Peckham. "Under New York law, the elements of tortious interference with contract are (1) the existence of a valid contract between the plaintiff

---

[10] *Reed Roberts* also holds that business techniques, such as those referenced here, are not protectable. 40 N.Y.2d at 309.

and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401-402 (2d Cir. 2006) (internal citations omitted).

Plaintiff's claim fails because the Complaint does not allege the existence of a valid contract between Plaintiff and Peckham. Plaintiff alleges that it had "**an agreement** with Defendant [Peckham] **to cooperate** in submitting a proposal to supply DOC with drug testing kits." Compl. ¶ 53 (emphasis added). But this allegation alone does not create an enforceable contract. In order for the court to invoke the power of the law to enforce a promise, "[the promise] must be sufficiently certain and specific so that what was promised can be ascertained." *Yan's Video, Inc. v. Hong Kong TV Video Programs, Inc.*, 133 A.D.2d 575, 578 (1st Dept. 1987). Because Plaintiff fails to plead any specifies regarding the exact promise or contract between Plaintiff and Peckham, Plaintiff's alleged agreement with Peckham is not enforceable. *See Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 208 (S.D.N.Y. 2008) (tortious inference with a contract claim dismissed where the plaintiff simply alleged that a contractual relationship existed, but set forth no facts to allege the type of contract, whether it was nonexclusive, and whether it was valid).

Further, the allegations contained in the Complaint and supporting documents contradict the existence of a valid contract. Plaintiff's Complaint states that "[i]n January of 2017, in anticipation of the approaching Request for Proposal from DOC, the Plaintiff **contacted** Defendant Peckham so that Defendant Peckham **could work** with Plaintiff in preparing a proposal to DOC" and that Plaintiff had "**multiple conversations**" with Peckham. Compl. ¶¶ 19 (emphasis added). These allegations are negotiations for a potential future contract and do not demonstrate the existence of a valid contract. *See generally Yan's Video*, 133 A.D.2d at 576 (determining that

plaintiffs' tortious interference claim was unsupported where material contract terms were left open for future negotiations).[11]  The Complaint and supporting documents also do not show the existence of a valid contract with Peckham prior to 2016.  *See* Compl. ¶ 14 (describing the relationship between Plaintiff and Peckham as a "business relationship"); Dkt. No. 2, Waterhouse Aff. ¶ 23 (stating only that "ABMC worked with Peckham").

Finally, the Complaint confirms that it was not possible for Plaintiff to continue the current "business relationship" with Peckham because the DOC informed Plaintiff that it would be requesting proposals from CROs directly.  Compl. ¶ 17.[12]  As a result, Plaintiff's claim for tortious interference against April Bailey, Premier, and Premier Labs fails as a matter of law.

### F.     Plaintiff Fails to State a Claim Against April Bailey, Premier Biotech, Inc. and Premier Biotech Labs, LLC for Unjust Enrichment (Cause of Action V)

Plaintiff's unjust enrichment claim fails because Plaintiff does not allege that April Bailey, Premier or Premier Labs have been enriched at Plaintiff's expense.  A viable claim for unjust enrichment claim in New York requires:  (1) proof that defendant was enriched, at plaintiff's expense; and (2) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover."  *Briarpatch Ltd. L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004).  Here, April Bailey, Premier and Premier Labs are not alleged to have been enriched so Plaintiff's claim must fail.

Plaintiff alleges that April Bailey, Premier, Premier Labs, and Peckham "**stand to gain** significant profits and revenues as a result of their cooperation in submitting a proposal for a contract to supply drug testing kits" and that Plaintiff should obtain any "**such gains as are**

---

[11] Indeed, if Plaintiff and Peckham had a valid contract, one would expect Plaintiff's Complaint to include a breach of contract action against Peckham.  No such claim is made.
[12] The mere existence of the request for proposal confirms that there is no contract between Plaintiff and DOC with which the Premier Defendants could interfere.

**realized**." Compl. ¶¶ 60, 63. But future gains do not prove that a defendant was enriched. "The essence of [an unjust enrichment] claim is that one party *has* received money or a benefit at the expense of another." *Chevron Corp. v. Donziger*, 871 F. Supp. 2d 229, 259 (S.D.N.Y. 2012) (finding unjust enrichment claim not ripe where the defendants had not received any benefit or gain yet). Plaintiff also cannot prove that April Bailey, Premier, and Premier Labs have been enriched because the Complaint does not allege that Premier Labs or Premier have submitted a proposal with Peckham to DOC or secured a contract with DOC. In fact, the Complaint concedes the fact that no such contract exists. *See* Compl. ¶ 61 (stating "[s]uch contract [with DOC], **should it be obtained)** (emphasis added). Quite simply, without a contract April Bailey, Premier, and Premier Labs cannot be unjustly enriched.

Further, Plaintiff's statement that its "investments eventually resulted in Defendant Peckham proving to be a worthy supplier, meeting the standards required by the State of Michigan" is too vague to be considered a benefit, if that is Plaintiff's intent. Comp. ¶ 61. It is unclear what Plaintiff means by "worthy supplier." If Plaintiff is referring to drug kits, there is no contract yet as a result of the February 3, 2017 request for proposal so there is no confirmation that Peckham is considered a worthy supplier of drug kits. And, if Plaintiff is referring to being a "worthy supplier" generally, Peckham holds itself out publicly as a CRO and is already a CRO for the State of Michigan. Windler Aff. Ex. 4; *see also* Windler Aff. ¶ 5, Ex. 5, Annual Report of The Committee on the Purchase of Goods and Services from Community Rehabilitation Organizations for Fiscal Year 2016, Dec. 14, 2016 *available at* http://www.michigan.gov/documents/micontractconnect/CRO-SetAside-Report-FY16_551213_7.pdf (showing in fiscal year 2016 Peckham was one of eight nonprofit CROs providing goods and services in Michigan and lists those programs - notably absent from the list

is reference to services Peckham provided to DOC.). Thus, because Plaintiff has not pleaded that April Bailey, Premier, and Premier Labs have **received** money or benefit its claim for unjust enrichment fails and should be dismissed.

Finally, "equity and good conscience" do not dictate that Plaintiff is entitled to any future gains on a nonexistent contract. First, there is nothing unjust about competition in an open bidding process for a state contract. As discussed above, DOC issued a **public** request for proposal for drug kits, and because the forthcoming contract will be paid for by the taxpayers of Michigan, it is arguably in the best interest of the public to have competing offers. Second, because the Complaint does not allege the existence of a contract between Premier or Premier Labs and DOC or Peckham there is no guarantee that DOC will select the Defendants' proposal, or that DOC will not select Plaintiff even without a CRO. Given Plaintiff's failure to allege that Defendants have been enriched and that equity and good conscience require Plaintiff to recover future profits on a nonexistent contract, Plaintiff's claim for unjust enrichment against April Bailey, Premier, and Premier Labs should be dismissed.

## CONCLUSION

For the foregoing reasons, the Premier Defendants respectfully request that the Court dismiss Plaintiffs' Verified Complaint.

Dated: April 6, 2017

O'CONNELL & ARONOWITZ, P.C.
By: _/s/ Paul A. Feigenbaum_
Paul A. Feigenbaum (101620)
54 State Street
Albany, New York 12207
(518) 462-5601
Local Counsel for the Premier Defendants

WINTHROP & WEINSTINE, P.A.
Joseph M. Windler, Esq. (MN #387758)
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
Counsel for the Premier Defendants