# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF NEW YORK

AMERICAN BIO MEDICA CORPORATION,

Plaintiff,

-against-

TODD BAILEY, APRIL BAILEY, PREMIER BIOTECH, INC., PREMIER BIOTECH LABS, LLC and PECKHAM VOCATIONAL INDUSTRIES, INC.,

Defendants.

Civil Action Case No. 1:17-cv-302
(TJM/DJS)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## PECKHAM VOCATIONAL INDUSTRIES INC.'S MOTION TO DISMISS

### McNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.

Attorneys for Defendant,
Peckham Vocational Industries, Inc.
677 Broadway, 5th Floor
Albany, New York 12207
518-447-3200

*Of Counsel:*

Scott C. Paton, Esq.

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................1

SUMMARY OF ARGUMENT ..........................................................................1

ARGUMENT ......................................................................................................2

POINT I

        BECAUSE THIS COURT DOES NOT HAVE PERSONAL
        JURISDICTION OVER PECKHAM, THE COMPLAINT SHOULD
        BE DISMISSED AS AGAINST THIS DEFENDANT ..........................................2

        A.     This Court Does Not Have Personal Jurisdiction Over Peckham
              Under New York's Long Arm Statute ...........................................................3

              1.     Personal Jurisdiction Is Lacking Because Peckham Does
                     Not Transact Business Within the State of New York ...................3

              2.     Plaintiff Cannot Establish Jurisdiction Under C.P.L.R.
                     § 302(a)(3) .....................................................................................7

        B.     Peckham Does Not Have the Constitutionally Required Minimum
              Contacts to the State of New York ..............................................................9

               1.     Peckham Does Not Possess "Minimum Contacts" With
                     New York.........................................................................................9

               2.     The Assertion of Personal Jurisdiction Would Not Comport
                     With Traditional Notions of Fair Play and Substantial Justice......11

POINT II

        PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT ......13

        A.     The Complaint Fails to Allege That Peckham Received
               Anything of Value.....................................................................................14

         B.     The Complaint Fails to Allege that the Benefit Received by
               Peckham Came at the Expense of Plaintiff.................................................14

         C.     The Complaint Fails to Allege that the "Benefit" Bestowed to
               Peckham Came at the Request of Peckham ................................................16

CONCLUSION...................................................................................................18

**CASES:**

*Agency Rent A Car Sys. v. Grand Rent A Car Corp.,* 98 F.3d 25 (2d. Cir. 1996) ..............4

*Anesthesia Group of Albany v. State of New York,* 309 A.D.2d 1130 (2003) ..................16

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779
(2d. Cir. 1999)................................................................................................8, 11

*Baptichon v. Nevada State Bank,* 304 F. Supp. 2d 451 (E.D.N.Y. 2004) ..........................8

*Barbagallo v. Marcum, LLP,* 820 F. Supp. 2d 429 (E.D.N.Y. 2011) ................................16

*Bazak International Corp. v. Tarrant Apparel Group,* 347 F. Supp. 2d 1
(S.D.N.Y. 2004) ...................................................................................................15

*Beacon Enters., Inc. v. Menzies,* 715 F.2d 757 (2d. Cir. 1983) .......................................2, 6

*Beekman Paper Co., v. Nat'l Paper Prods.,* 909 F.2d 67 (2d. Cir. 1990)..........................6

*Broad Horizons, Inc. v. Central Crude, Ltd.,* 1994 U.S. Dist. LEXIS 16045
(S.D.N.Y. 1994) ...................................................................................................6

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985)......................................................9

*Chloe v. Queen Bee of Beverly Hills, LLC,* 616 F.3d 158 (2d. Cir. 2010)......................4, 9

*Citibank, N.A. . Walker,* 12 A.D.3d 480 (2d. Dept. 2004).................................................13

*Clifford R. Gray Inc. v. LeChase Constr. Servs.,* 31 A.D.3d 983
(3d. Dept. 2006) ........................................................................................13, 15 16

*CutCo Indus., Inc. v. Naughton,* 806 F.2d 361 (2d. Cir. 1986)...........................................4

*Cruz v. McAneney,* 29 A.D.3d 512 (2006).........................................................................15

*Eades v. Kennedy, PC Law Offices,* 799 F.3d 161 (2d. Cir. 2015)..................................2, 4

*Ehrlich v. Froehlich*, 72 A.D.3d 1010 (2d. Dept. 2010).....................................................17

*Fantis Foods, Inc. v. Standard Importing Co.,* 49 N.Y.2d 317 (1980)...............................8

*Fiedler v. First City Nat'l Bank of Houston,* 1986 U.S. Dist. LEXIS 25392
(S.D.N.Y. 1986) ...................................................................................................6

*George S. May Intl. Co. v. Thirsty Moose, Inc.,* 19 A.D.3d 721 (2005) ...........................16

*Georgia Malone & Co., v. Ralph Rieder,* 86 A.D.3d 406 (1st Dept. 2011) ......................16

*Graystone Materials Inc. v. Pyramid Champlain Co.,* 198 A.D.2d 740
(3d. Dept. 1993) ...................................................................................................16

*Hanson v. Denckla,* 357 U.S. 235 (1948) ...............................................................9, 10

*Heller v. Kurz,* 228 A.D.2d 263 (1st Dept. 1996) ............................................................17

*Independent Nat'l Distributors, Inc. v. Black Rain Communications, Inc.,*
2005 U.S. Dist. LEXIS 14086 (S.D.N.Y. 1995) ...................................................10

*Int'l Customs Assocs., Inc. v. Ford Motor Co.,* 893 F. Supp. 1251 (S.D.N.Y. 1995) ......4, 6

*International Shoe v. Washington,* 326 U.S. 310 (1945) ..................................................10

*Kagan v. K-Tel Entertainment,* 172 A.D.2d 375 (1st Dept. 1991) ....................................17

*Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770 (1984) ..................................................10

*Kowalski-Schmidt v. CL Mortgage, Inc.,* 981 F. Supp. at 105 (E.D.N.Y. 2001) ................8

*Mandarin Trading Ltd. v. Wildenstein,* 16 N.Y.3d 173 (2011) ..................................13, 15

*McGrath v. Hilding,* 41 N.Y.2d 625 (1977) ...................................................................14

*Mente v. Wenzel,* 178 A.D.2d 705 (1991) ......................................................................14

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560
(2d. Cir. 1996) ........................................................................................9, 11, 12

*New York National Bank v. Quality Dinette, Inc.,* 888 F.2d 462 (6th. Cir. 1989) ..............2

*Northrup Grumman Overseas Serv. Corp. v. Banco Wiese Sudameris,*
2004 U.S. Dist. LEXIS 19614 (S.D.N.Y. 2004) .....................................................8

*Paramount Film Distrib. Corp. v. State of New York,* 30 N.Y.2d 415 (1972) .................15

*Penguin Grp. (USA) Inc. v. Am. Buddha,* 609 F.3d 30 (2d. Cir. 2010) .............................2

*Pocahontas Supreme Coal Co. v. Nat'l Mines Corp.,* 90 F.R.D. 67 (S.D.N.Y. 1981) ........8

*Royal Host Realty, LLC v. 793 Ninth Avenue Realty, LLC,* 192 F. Supp. 3d 348
(S.D.N.Y. 2016) ......................................................................................15

*Sayles Biltmore Bleacheries, Inc. v. Soft-Fa Textile Processors, Inc.,*
440 F. Supp. 1010 (S.D.N.Y. 1977) .........................................................6

*Seneca Pipe & Paving Co. v. South Seneca Cent. School Dist.,*
63 A.D.3d 1556 (4th Dept. 2009) ...........................................................17

*Southridge Capital Mgmt., LLC v. Lowry,* 188 F. Supp. 2d 388 (S.D.N.Y. 2002)..............4

*Spencer Laminating Corp. v. Denby,* 2004 N.Y. Misc. LEXIS 1149
(N.Y. Cir. Ct. 2004) .................................................................................7

*Stone v. Solarbright, Inc.* 128 A.D.2d 696 (2d. Dept. 1987) .............................................14

*Town of Butternuts v. National Grange of Patrons of Husbandry,*
20 A.D.3d 637 (2005) ............................................................................16

*Walden v. Fiore,* 134 S. Ct. 1115 (2014) .......................................................................10

*Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196 (2d. Cir. 2001) ......................................8

## STATUTES:

New York CPLR § 302 ...................................................................................*Passim*

New York Jur.2d Contracts § 515 ................................................................................15

Fed. R. Civ. P. 12(b)(2) ................................................................................*Passim*

Fed. R. Civ. P. 12(b)(6) ...........................................................................................1, 18

## OTHER:

United States Constitution .............................................................................9

# INTRODUCTION

Defendant Peckham Vocational Industries, Inc. ("Peckham") hereby appears for the limited purpose of seeking dismissal of the Plaintiff's Complaint based upon the absence of personal jurisdiction and the failure to state a claim upon which relief may be granted.

# SUMMARY OF ARGUMENT

The Complaint fails to assert any jurisdictional allegations against Peckham sufficient to demonstrate how Peckham can be subject to personal jurisdiction in New York and, as a matter of fact and law, this Court does not have personal jurisdiction over Peckham.

As Plaintiff alleges in its complaint, Peckham is a Michigan domestic nonprofit corporation with its principal place of business in Lansing, Michigan. Peckham has no offices or facilities in New York, has not conducted any business in New York, and had no interaction with Plaintiff in the State of New York. Peckham does not have the minimum contacts with New York required for this Court to establish personal jurisdiction, and to do so would run contrary to traditional notions of fair play and substantial justice.

In addition, the complaint fails to allege a valid claim of unjust enrichment under New York law, by failing to allege (1) that Peckham received a benefit, (2) at the expense of Plaintiff, and (3) at the request of Peckham.

Based on the above, Peckham now moves to dismiss this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and also based upon a failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). This motion is supported by an affidavit signed by Michael Stover, which is attached hereto.

## ARGUMENT

## POINT I

## BECAUSE THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER PECKHAM, THE COMPLAINT SHOULD BE DISMISSED AS AGAINST THIS DEFENDANT

Pursuant to Fed. R. Civ. P. 12(b)(2), the district court may grant a motion to dismiss based on lack of personal jurisdiction looking solely at the parties' written submissions. A trial court, at its discretion, may rule on a Fed. R. Civ. P. 12(b)(2) motion on the basis of affidavits alone, may choose to permit discovery in aid of the motion or conduct an evidentiary hearing on the merits of the motion. *New York National Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989). Regardless of the method chosen, the burden of establishing personal jurisdiction lies with the plaintiff. *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983).

When determining whether to exercise personal jurisdiction over a defendant, a federal court must apply the law of the state in which it sits, subject to the due process requirements of the United States Constitution. "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167-68 (2nd. Cir. 2015). "Such a showing entails making 'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant.'" *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2nd Cir. 2010) (citation omitted). Plaintiff has not done so here.

To determine personal jurisdiction over a non-domiciliary defendant, the court generally engages in a two-step inquiry. *Eades*, 799 F.3d at 168. First, the court determines whether there is personal jurisdiction over the defendant under the laws of the forum state. *Id.* If the forum

state's laws allow for personal jurisdiction, the court determines whether personal jurisdiction

comports with the protections established by the Due Process Clause of the U.S. Constitution.

### A. This Court Does Not Have Personal Jurisdiction Over Peckham Under New York's Long Arm Statute

The New York Long Arm Statute, N.Y.C.P.L.R. § 302, governs personal jurisdiction

over non-domiciliaries.  That statute provides:

> (a)    Acts which are the basis of jurisdiction.  As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
>> 1.    transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>>
>> 2.    commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>>
>> 3.    commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>>
>>> (i)    regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>>
>>> (ii)    expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>>
>> 4.    owns, uses or possesses any real property situated within the state.

### 1. Personal Jurisdiction Is Lacking Because Peckham Does Not Transact Business Within the State of New York

To establish personal jurisdiction under CPLR §302(a)(1), it is well-settled that the

plaintiff must demonstrate two things:  (1) that the defendant conducted some purposeful

business activity in New York, and (2) that there is a substantial connection between the causes

of action asserted in the lawsuit and the business activity conducted in New York.  *Agency Rent*

*A Car Sys. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29-32 (2d Cir. 1996); *Southridge Capital Mgmt., LLC v. Lowry*, 188 F. Supp. 2d 388, 397 (S.D.N.Y. 2002).   Since Section 302(a) provides for specific rather than general jurisdiction, Plaintiff must show that its claims arise from conduct on the part of Peckham that, in-and-of-itself, provides a jurisdictional nexus to New York.   In other words, Plaintiff must demonstrate that Peckham's activities in New York were purposeful and there is a substantial relationship between this New York conduct and the claims asserted.  *Eades*, 799 F.3d at 168 (*quoting Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2nd Cir. 2010).

In determination whether a non-resident defendant transacts business, for jurisdictional purposes, "[n]o single event or contact connecting defendant to the forum state need be demonstrated; rather, the totality of all defendant's contacts with the forum state must indicate that the exercise of jurisdiction would be proper." *CutCo Indus., Inc. v. Naughton*, 806 F .2d 361, 365 (2d Cir. 1986). Thus, specific jurisdiction under the long-arm statute turns on a "certain quality, rather than a specific quantity" of contacts with New York, *Int'l Customs Assocs., Inc. v. Ford Motor Co.,* 893 F. Supp. 1251, 1259 (S.D.N.Y. 1995) (internal quotations omitted), and jurisdiction under § 302(a)(1) is not proper if the defendant has only "temporary, random, or tenuous relationships with the forum."  *Agency Rent A Car System, Inc.,* 98 F.3d at 30.  The key is whether the defendant has purposely availed itself of the "benefits and protections of [New York's] laws." *CutCo Indus*. 806 F.2d at 365.

As established by the affidavit of Michael Stover, submitted herewith, Peckham's offices are located in the State of Michigan (Stover Aff. at ¶ 2), and Peckham provides vocational services in that State and several others located in the mid-West (Stover Aff, at ¶ 5).  Peckham does not engage in business within the State of New York.  (Stover Aff. at ¶¶ 5, 11).  It does not

ship goods into the State of New York, nor does it typically receive goods shipped from the State of New York (Stover Aff. at ¶ 11). Peckham does not maintain any offices within the State of New York, and does not possess any employees in the State of New York (Stover Aff. at ¶¶ 11-13).

With respect to this specific transaction, all of Peckham's alleged activities occurred within the State of Michigan. In January 2013, Peckham received a single shipment of product from Plaintiff (Stover Aff. at ¶¶ 7, 15). Peckham re-packaged that product at its facilities in Michigan before delivering it to various locations within the State of Michigan (Stover Affidavit, at ¶ 7). Although the parties had intermittent communications either telephonically or through e-mail, all meetings or in-person conversations as between Peckham and Plaintiff (through co-defendant Bailey) occurred in the State of Michigan (Stover Affidavit at ¶ 14). No representative from Peckham ever traveled to New York (where Plaintiff's offices are apparently located) to interact with Plaintiff (Stover Aff. at ¶ 14), and no employee ever visited New York in connection with this transaction at all (Stover Aff. at ¶ 14). No product was shipped by Peckham to New York (Stover Aff. at ¶ 15), as it was instead shipped to destinations located exclusively within the State of Michigan (Stover Aff. at ¶¶ 7, 15). In short – the full extent of Peckham's interactions with Plaintiff occurred in Michigan (Stover Aff. at ¶ 14).

Critically – none of the above circumstances are contested by the complaint, which concedes that Peckham is located exclusively in Michigan (Complaint, at ¶ 7), that Peckham's activities occurred in Michigan, and that said conduct pertained to a project and client located exclusively within that State (Complaint, at ¶¶ 11-16). There is no allegation that a contract was executed in New York, that any Peckham representative ever traveled to New York in

connection with this transaction, or that any of the goods which were the subject of the transaction were shipped by Peckham to New York (see Complaint).

Courts presented with facts and circumstances similar to those at hand have consistently found personal jurisdiction to be lacking under CPLR § 302 (a)(1). In this regard, it is well settled that "[te]lephone calls and correspondence sent into New York, by a non-domiciliary defendant who is outside New York, generally are insufficient to establish personal jurisdiction," *Int'l Customs Assocs.*, 893 F. Supp. at 1261-62, particularly when the bulk of the performance of the contract is to occur outside of New York. *Fiedler v. First City Nat'l Bank of Houston*, 1986 U.S. Dist. LEXIS 25392, (S.D.N.Y. May 16, 1986), aff'd, 807 F.2d 315 (2d Cir. 1986) (telephone contacts and mailing alone cannot confer jurisdiction); *Broad Horizons, Inc. v. Central Crude, Ltd*., 1994 U.S. Dist. LEXIS 16045, at *7 (S.D.N.Y. Nov. 9, 1994) (stating that "New York courts have consistently declined to sustain § 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York").

Moreover, it is critical to note that jurisdiction has still been found lacking where – unlike the matter *sub judice* - merchandise and other material are actually transmitted **into** New York by a non-resident, in furtherance of an isolated transaction. *See Beekman Paper Co. v. Nat'l Paper Prods*., 909 F.2d 67, 68 (2d Cir. 1990) (holding it "inconceivable" and "patently frivolous" that the exchange of product samples between New York and Texas and the mailing of a check to New York could confer jurisdiction over the Texas defendant); *Beacon Enters., Inc.*, 715 F.2d at 762 (holding that the unrelated shipment of goods and the mailing of a lone cease-and-desist letter cannot justify jurisdiction); *Sayles Biltmore Bleacheries, Inc. v. Soft-Fab Textile Processors, Inc.*, 440 F. Supp. 1010, 1013 (S.D.N.Y. 1977) (dismissing action where only contacts with New York by defendant were one trip to New York to discuss the contract, mailed

correspondence, phone calls to New York, and the shipment of sample fabric to the plaintiff in New York); *Spencer Laminating Corp. v. Denby*, 2004 N.Y. Misc. LEXIS 1149, at *6 (N.Y. Cir. Ct. May 17, 2004) (noting that "the shipping of a sample . . . is not enough to confer jurisdiction, alone or even in tandem with" telephone calls to New York and the defendant's maintenance of a website accessible in New York).

In short: Peckham is a Michigan corporation with its principal place of business in Michigan. Peckham does not maintain any offices or own any real property in New York. Peckham does not and has not transacted business in New York. It has never contracted with Plaintiff to provide goods or services in New York. Indeed, the dispute at issue specifically relates to the distribution of goods in Michigan for a Michigan governmental entity. Plaintiff does not even allege that Peckham committed any act in the State of New York. Therefore, it is clear that this Court does not have personal jurisdiction over Peckham, because Peckham's conduct does not meet the threshold standard of "transacting business" within this State, as required by N.Y.C.P.L.R. § 302.

**2.     Plaintiff Cannot Establish Jurisdiction Under C.P.L.R. § 302(a)(3)**

As stated above, Section 302(a)(3) of the New York long-arm statute allows the exercise of specific jurisdiction over a party who ". . . commits a tortious act without the state causing injury to person or property within the state. . ." N.Y. C.P.L.R. § 302 (a)(3). In order to fall within the scope of this statute, a plaintiff must allege at the outset both a tortious act by the defendant and a resulting injury occurring in New York. While, here, Plaintiff has alleged that Peckham has been unjustly enriched, it has not alleged – and cannot demonstrate that a resulting injury occurred in New York. This precludes jurisdiction under C.P.L.R. § 302 (a)(3).

7

To determine whether there is an injury in New York for purposes of Section 302(a)(3), courts apply the situs-of-the-injury test where, as here, the claimed damages are solely economic in nature. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999). This test requires the court to pinpoint the "location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Whitaker v. Am. Telecasting. Inc.*, 261 F.3d 196, 209 (2d Cir. 2001). Thus, only the location of the <u>act</u> causing the injury is relevant, and it is immaterial whether economic repercussions were felt in New York. *See id.*

Where the plaintiff's location provides the only New York connection to the alleged economic injury, courts have regularly rejected jurisdiction under N.Y.C.P.L.R. § 302(a)(3). *See Kowalski-Schmidt v. CLS Mortgage, Inc.*, 981 F. Supp. 105, 110 (E.D.N.Y. 2001) (finding indirect financial loss insufficient for jurisdiction because "[t]he occurrence of financial consequences in New York due to the fortuitous location of the plaintiffs in New York is not a sufficient basis for jurisdiction under Sec. 302(a)(3).") (quoting *Pocahontas Supreme Coal Co. v. Nat'l Mines Corp.*, 90 F.R.D. 67, 73 (S.D.N.Y. 1981); *Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameris*, 2004 U.S. Dist. LEXIS 19614 at *46-*47) (S.D.N.Y. September 29, 2004) ("New York courts have required more than that the plaintiff is located in New York or has a New York bank account for there to be an injury in New York."); *Baptichon v. Nevada State Bank*, 304 F.Supp. 2d 451, 460 (E.D.N.Y. 2004) ("The occurrence of financial consequences in New York due to the fortuitous location of plaintiff's bank in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside of New York."); *see also, Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 327 (1980) (stating "[i]f a plaintiff could satisfy the requirements of [§302(a)(3)] on [an] attenuated

consequence of [ a] defendant's act. . . it would 'burden unfairly nonresidents whose connection with the state is remote' ").

In this case, the "original event that caused the injury" was Peckham's alleged decision not to collaborate with Plaintiff in connection with the potential rendering of services within the State of Michigan. Thus, the alleged breach of any duty owed to Plaintiff (which Peckham denies) occurred in Michigan, and New York (where plaintiff resides) is not the situs of injury. Therefore, personal jurisdiction based on N.Y.C.P.L.R. § 302(a)(3) is unavailable in this case.

### B. Peckham Does Not Have the Constitutionally Required Minimum Contacts to the State of New York

Even if application of New York's long-arm statute were to confer personal jurisdiction (which it clearly does not) the analysis does not end there. If personal jurisdiction is supported under New York law, then a court must determine whether personal jurisdiction "comports with the due process clause of the United States Constitution." *Chloe*, 616 F.3d at 164. As recognized by the Second Circuit, "[t]he due process test for personal jurisdiction has two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry". *Metropolitan Life Ins. Co. v Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).

### 1. Peckham Does Not Possess "Minimum Contacts" With New York

The evaluation of "minimum contacts" requires an examination of the "quality and nature" of the nonresident defendant's activity, *Hanson v. Denckla*, 357 U.S. 235, 253 (1948), and a determination of whether the defendant's conduct in connection with the forum state are such that he should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). However,

> [t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. . . It is essential in each case that there be some act by which <u>the defendant</u> purposefully

> avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.

*Hanson*, 357 U.S. at 253 (emphasis added). In other words, jurisdiction is proper where the defendant's contacts with the forum proximately result from actions <u>by the defendant</u> that create a substantial connection with the forum state. *See, Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984).

Courts look at certain relevant factors in assessing "minimum contacts" for jurisdictional purposes: (1) whether the defendant purposefully availed himself of the benefits of the forum state; (2) whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there; and (3) whether the defendant carries on a continuous and systematic part of its general business within the forum state. *Independent Nat'l Distributors, Inc. v. Black Rain Communications, Inc.*, 2005 U.S. Dist. LEXIS 14086 at *12 (S.D.N.Y. Sept. 28, 1995).

Here, Peckham lacks the "minimum contacts" necessary to create specific jurisdiction. In this regard, the "minimum contacts" analysis looks to Peckham's contacts with New York itself, not Peckham's contact with persons who reside there. *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (*citing International Shoe v. Washington*, 326 U.S. 310, 319 (1945)). Therefore, Plaintiff cannot be the only link between Peckham and New York. Rather, it is Peckham's conduct that must form the necessary connection to New York in order for this Court to have jurisdiction over it. *Walden*, 134 S.Ct. at 1122 (citations omitted).

In this case, Peckham has no connection to New York and no part of Peckham's conduct occurred in New York. Peckham has no current, past, or ongoing business relationship with Plaintiff or any other entity in New York that is related to this dispute. Peckham never derived any revenue from, or sold any products in, New York. No representative from Peckham ever

travelled to New York to visit anyone from Plaintiff regarding any affiliation or business arrangement. There was no contract, affiliation, arrangement or ongoing business relationship between Peckham and Plaintiff. Even assuming there was some sort of unexplained relationship between the parties, it did not involve any conduct or activity in New York. This dispute involves a bid by Peckham to manufacture goods at a Peckham facility in Michigan for sale and delivery to the Michigan Department of Corrections. There is no tangible connection to New York that could amount to the Constitutionally-required "minimum contacts".

**2.      The Assertion of Personal Jurisdiction Would Not Comport With Traditional Notions of Fair Play and Substantial Justice.**

The second part of the due process jurisdictional analysis asks "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice' – that is, whether it is reasonable under the circumstances of a particular case." *Metro Life Ins. Co.*, 84 F.3d at 568 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945)). This "reasonableness" test is only undertaken in the event the court answers the first inquiry in the affirmative – i.e. only if plaintiff has made the threshold showing of sufficient minimum contacts so as to allow jurisdiction to extend over the nonresident defendant. *Metro Life Ins. Co.*, 84 F.3d at 568.

The "reasonableness" analysis takes into consideration five factors: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Id.,* at 568; *see also Bank Brussels*, 305 F.3d at 129. These factors weigh against the exercise of jurisdiction.

First, given the fact that Peckham's sole and exclusive operations are in Michigan, without any presence whatsoever in New York, it would impose a significant burden on Peckham to be forced to litigate this dispute in the State of New York.

Second, New York does not have a strong interest in governing the conduct of a Michigan resident, acting wholly outside the State of New York, with no resulting injury within the State of New York.

With respect to Plaintiff's interest in obtaining convenient and effective relief, and the interest in promoting the efficient administration of justice, these factors certainly do not support the exercise of jurisdiction in New York. In this regard, because the allegedly tortious conduct occurred in the State of Michigan (Complaint, at ¶¶ 11-21, 60-61), prosecution of this matter will necessarily involve a weighty consideration of principles of conflicts of law, and involve witnesses outside the State of New York. Therefore, proceeding in New York will not result in an efficient resolution of this matter.

Finally, given the location of Peckham outside of New York, and the occurrence of all complained-of activities outside of New York, the interests of public policy do not support prosecution of this matter in the State of New York.

Upon considering all of the above factors, it is clear that "the exercise of personal jurisdiction would be decidedly unreasonable" *Metro Life*, 84 F.3d at 575, and would offend traditional notions of fair play and substantial justice that are protected by the due process clause. As a result, it should be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(2).

# POINT II

## PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

Plaintiff's only claim against Peckham is for unjust enrichment. That claim, as pled, is insufficient as a matter of law.

The Complaint alleges that Peckham "stand[s] to gain significant profits and revenue in the event Peckham is awarded the contract to do business with MDOC " at some unstated future time (Complaint ¶ 60). Indeed, the Complaint goes on to state that "[s]uch contract, <u>should it be obtained</u>, will capitalize upon significant investments of time, effort and costs made by the Plaintiff * * * which investments eventually resulted in Peckham proving to be a worthy supplier [to] the State of Michigan" (Complaint, ¶ 61, emphasis added).

Under New York law, as stated by New York's Court of Appeals, in order to recover upon a claim of unjust enrichment a plaintiff must show "that (1) the other party was enriched, (2) at [the Plaintiff's] expense, and (3) that 'it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered.'" *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011) (quoting *Citibank, N.A. v. Walker*, 12 A.D.3d 480, 481 (2d Dept. 2004)). "The essence of such a cause of action is that one party is in possession of money or property that rightly belongs to another." *Clifford R. Gray Inc. v. LeChase Constr. Servs.,* 31 A.D.3d 983, 988 (3rd Dept. 2006).

Here, Plaintiff has not properly pled the first element because it is not alleged that Peckham received any benefit, let alone any benefit from Plaintiff. The Complaint alleges only that, should a contract be obtained, Peckham's receiving that contract will unjustly enrich it. Notwithstanding the inaccuracy of that allegation, Plaintiff's allegation is completely contingent upon the awarding of the contract to Peckham.

13

**A.    The Complaint Fails to Allege That Peckham Received Anything of Value**

As explained by the New York Court of Appeals:  "Enrichment alone will not suffice to invoke the remedial powers of a court of equity. Critical is that under the circumstances and as between the two parties to the transaction the enrichment be unjust." *McGrath v Hilding*, 41 NY2d 625, 629 (1977).  Accordingly, in order to state a claim of unjust enrichment, the complaint must "contain the necessary allegation that the defendant unjustly received something of value at the expense of the plaintiff". *Stone v Solarbright, Inc*., 128 A.D.2d 696  (2d Dept. 1987).

Here, the Complaint fails to allege that Peckham received any benefit whatsoever.  To the extent Plaintiff is alleging that Peckham received the benefit of being compensated for the "trial run" it participated in January 2013, that assertion falls flat in light of the fact that Peckham did not charge a fee for it services in that trial run (Stover Affidavit, ¶ 7). To the extent Plaintiff is alleging that Peckham somehow benefited by being recognized as a "worthy supplier" by MDOC, that allegation is likewise insufficient because Peckham's "worthiness" did not result from any involvement on the part of Plaintiff.  Instead, Peckham's qualifications and "worthiness" were in existence far before it had any interaction with Plaintiff.  Finally, to the extent that Plaintiff is alleging that the "benefit" to Peckham comes in the form of a MDOC contract that has not yet been awarded, then Plaintiff's claim is – at best - premature and speculative (Stover Aff. ¶ 10).

**B.    The Complaint Fails to Allege that the Benefit Received by Peckham Came at the Expense of Plaintiff**

In addition to failing to identify any "benefit" to Peckham, the Complaint fails to allege that such "benefit" came at the expense of Plaintiff.  Indeed, this failure is underscored by the

fact that Plaintiff did not pay anything to Peckham in connection with the January 2013 "trial run" (Stover Affidavit, ¶ 7). As a result, Peckham's "worthiness" vis-à-vis MDOC did not come at Plaintiff's expense.

It is well settled that "[a] complaint does not state a cause of action in unjust enrichment if it fails to allege that defendant received something of value which belongs to the plaintiff." *Bazak International Corp. v Tarrant Apparel Group,* 347 F.Supp.2d 1 (S.D.N.Y. 2004) (quoting 22A N.Y. Jur.2d. Contracts § 515). Similarly "[v]ague or general allegations are insufficient to plead a claim for unjust enrichment [and that] '[w]ithout sufficient facts, conclusory allegations that fail to establish that a defendant was unjustly enriched at the expense of a plaintiff warrant dismissal.'" *Royal Host Realty, LLC v 793 Ninth Avenue Realty, LLC*, 192 F. Supp. 3d 348, 357 (S.D.N.Y. 2016) (quoting *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173 (2011)(emphasis added))." Accordingly, and for this reason alone, the Complaint should be dismissed as against Peckham.

This case is on all fours with *Clifford R. Grady, Inc. v. LeChase Constr. Servs., LLC,* 31 A.D.3d 983 (3d. Dept. 2006). In that case, the Plaintiff alleged that its efforts contributed to the Defendant's bid being accepted to perform certain construction work, and that the Defendant was unjustly enriched when it pursued that work – to the exclusion of Plaintiff. In awarding summary judgment to Defendant, the Appellate Division, Third Department, stated as follows:

> Plaintiff's third cause of action generally alleges that defendant was unjustly enriched by plaintiff's experience with [the client] as well as plaintiff's direct contributions to defendant's successful proposal for the prime contract. A cause of action for unjust enrichment requires a showing that (1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff (*see Cruz v McAneney*, 29 AD3d 512, 512 [2006]; *Mente v Wenzel*, 178 AD2d 705, 706 [1991]). The essence of such a cause of action is that one party is in possession of money or property that rightly belongs to another (*see Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], *cert denied* 414 US 829

[1973]; *Town of Butternuts v National Grange of Patrons of Husbandry*, 20 AD3d
637 [2005]; *George S. May Intl. Co. v Thirsty Moose, Inc*., 19 AD3d 721 [2005];
*Anesthesia Group of Albany v State of New York*, 309 AD2d 1130, 1131-1132
[2003]; *Mente v Wenzel, supra*). Here, plaintiff's submissions on the parties'
competing motions for summary judgment make only conclusory allegations that
defendant benefitted from plaintiff's involvement in the bid formulation process,
and plaintiff asserts no facts suggesting that defendant is in possession of money
or property belonging to plaintiff. Thus, there is no issue of fact requiring a trial
on this cause of action

Here, the Complaint makes the same cursory allegations that were found deficient by the

Court in *Clifford R. Gray, supra.*  Specifically there is no allegation that Peckham is in

possession of money or property (or any other benefit) belonging to Plaintiff, and Plaintiff

merely alleges that it somehow contributed to Peckham's ability to submit its bid to MDOC.   As

such, Plaintiff's unjust enrichment claim is insufficient as a matter of law, and should therefore

be dismissed.  Id.

### C.    The Complaint Fails to Allege that the "Benefit" Bestowed to Peckham Came at the Request of Peckham

Here, the Complaint implies that Plaintiff approached Peckham about working together in

connection with MDOC (Complaint ¶¶14, 19).  The accompanying affidavit of Michael Stover

confirms that Peckham was approached by co-defendant Todd Bailey, who appeared to be acting

on behalf of both Plaintiff and co-defendant Premier Biotech (Stover Affidavit, ¶ 6).  In either

event, participation in the MDOC program was not Peckham's idea (Stover Affidavit, at ¶ 7, n.

1).  This fact is fatal to Plaintiff's unjust-enrichment claim as against Peckham.

As stated by the District Court in *Barbagallo v Marcum, LLP*, 820 F. Supp. 2d 429, 448

(E.D.N.Y. 2011):

> "It is not enough for a plaintiff to allege that a defendant "simply knew of
> the plaintiff's existence" or "may have profited, in one form or another,
> from plaintiff's work." *Georgia Malone & Co. v. Ralph Rieder,* 86 A.D.3d
> 406 (1st Dep't 2011); *see also Graystone Materials Inc. v. Pyramid
> Champlain Co*., 198 A.D.2d 740 (3d Dep't 1993). The benefit must have

> been bestowed at the defendant's behest. *See Ehrlich v. Froehlich*, 72
> A.D.3d 1010 (2d Dep't 2010); *Seneca Pipe & Paving Co. v. South Seneca
> Cent. School Dist.,* 63 A.D.3d 1556, 880 N.Y.S.2d 807, 808 (4th Dep't
> 2009)."

This concept is further expanded upon by the New York Appellate Division, First Department, as follows:  "It is not enough that the defendant received a benefit from the activities of the plaintiff . . . , <u>if services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery.</u>"  *Heller v Kurz,* 228 AD2d 263, 264 (1st Dept. 1996) (emphasis added); *see Kagan v K-Tel Entertainment*, 172 A.D.2d 375, 376 (1st Dept.  1991).

Here, the uncontroverted facts establish that Peckham was not the initiator with respect to its involvement with MDOC, or its limited interaction with Plaintiff.  Accordingly, the Complaint fails to state a claim of unjust enrichment as against Peckham, and should therefore be dismissed.  *Heller*, 228 A.D. 2d at 264.

## <u>CONCLUSION</u>

Peckham is entitled to dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(2) because it is not subject to personal jurisdiction under New York law. Moreover, in keeping with the principles of due process, it is neither reasonable nor fair to hale Peckham into this Court when he simply does not have sufficient contacts with New York.

Peckham is further entitled to dismissal under Fed. R. Civ. P. 12(b)(6) because the Complaint fails to assert a claim relief on its claim for unjust enrichment.

For these reasons, Peckham respectfully requests that this Court dismiss the Plaintiff's Complaint against it pursuant to Fed. R. Civ. P. 12(b)(2) or 12(b)(6), and to award such other and further relief this Court deems just and equitable.

Respectfully submitted,
McNamee, Lochner, Titus & Williams, P.C.

Dated: April 6, 2017      By:     /s/ Scott. C. Paton
                                   Scott C. Paton – Bar Roll No. 508176
                                   Co-Counsel for Defendant Peckham
                                   Vocational Industries, Inc.
                                   677 Broadway
                                   Albany, NY 12207
                                   (518) 447-3242
                                   paton@mltw.com

Co-Counsel:

MIKA MEYERS PLC
Nathaniel R. Wolf (P52017)
900 Monroe Avenue, NW
Grand Rapids, MI 49503
(616) 632-8000
nwolf@mikameyers.com

{M1204170.1 }