# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN BIO MEDICA CORPORATION, | Civil Action No.:<br>1:17-cv-00302 (TJM/DJS) |
| Plaintiff, | **AMENDED ANSWER TO SUPPLEMENTAL/AMENDED COMPLAINT AND COUNTERCLAIMS** |
| -against- | |
| TODD BAILEY, | |
| Defendant. | |

Defendant Todd Bailey ("Defendant" or "Bailey"), by his undersigned attorneys, as and for his Answer to the Supplemental/Amended Complaint ("Complaint") of American Bio Medica Corporation ("ABMC" or "Plaintiff") alleges as follows:

## ANSWER

Except as specifically admitted or qualified herein, Bailey denies each and every allegation, statement and/or thing set forth in the Complaint, and with respect to each of the specific paragraphs set forth in the Complaint further states and alleges as follows:

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Admits the allegations set forth in Paragraph 3 of the Complaint.

4. Denies the allegations contained in the first sentence of Paragraph 4 of the Complaint and admits the allegations contained in the second and third sentences of Paragraph 4 of the Complaint.

## INTRODUCTION

5. With respect to the allegations contained in Paragraph 5 of the Complaint: admits the truth of the allegations in the first sentence; admits that he signed the Employee Compliance Certification attached to the Complaint as <u>Exhibit B;</u> affirmatively alleges that the Employee Compliance Certification speaks for itself; and denies all remaining allegations contained in Paragraph 5.

6. Admits the allegations contained in Paragraph 6 of the Complaint.

7. Denies the allegations contained in Paragraph 7 of the Complaint.

8. Admits the allegations contained in Paragraph 8 of the Complaint.

9. Denies the allegations contained in Paragraph 9 of the Complaint.

10. Denies the allegations contained in Paragraph 10 of the Complaint.

<u>Arkansas Department of Health and Human Services ("ARDHHS")</u>

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and further affirmatively alleges that all claims related to the ARDHHS were dismissed; as such, Paragraph 11 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

12. Denies the allegations contained in Paragraph 12 of the Complaint and further affirmatively alleges that all claims related to the ARDHHS were dismissed; as such, Paragraph 12 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

13. Admits the allegations contained in Paragraph 13 of the Complaint and further affirmatively alleges that all claims related to the ARDHHS were dismissed; as such, Paragraph 13 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and further affirmatively alleges that all claims related to the ARDHHS were dismissed; as such, Paragraph 14 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

15. Denies the allegations contained in Paragraph 15 of the Complaint and further affirmatively alleges that all claims related to the ARDHHS were dismissed; as such, Paragraph 15 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and further affirmatively alleges that all claims related to the ARDHHS were dismissed; as such, Paragraph 16 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

17. Denies the allegations contained in Paragraph 17 of the Complaint and further affirmatively alleges that all claims related to the ARDHHS were dismissed; as such, Paragraph 17 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

18. Denies the allegations contained in Paragraph 18 of the Complaint and further affirmatively alleges that all claims related to the ARDHHS were dismissed; as such, Paragraph 18 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and further affirmatively alleges that all

claims related to the ARDHHS were dismissed; as such, Paragraph 19 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and further affirmatively alleges that all claims related to the ARDHHS were dismissed; as such, Paragraph 20 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

21. Denies the allegations contained in Paragraph 21 of the Complaint and further affirmatively alleges that all claims related to the ARDHHS were dismissed; as such, Paragraph 21 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

<u>Department of Corrections of the State of Michigan</u>

22. With respect to Paragraph 22 of the Complaint: admits the allegations contained in the first sentence; and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

23. Admits the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Admits the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. With respect to Paragraph 28 of the Complaint: admits the allegations contained in the second sentence of said paragraph and denies all remaining allegations contained in Paragraph 28.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Admits the allegations contained in Paragraph 30 of the Complaint.

31. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32. Admits the allegations contained in Paragraph 32 of the Complaint.

33. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37. Admits the allegations contained in Paragraph 37 of the Complaint.

38. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint.

40. Denies the allegations contained in Paragraph 40 of the Complaint.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

44. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint.

45. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

### Northeast Association of the Blind at Albany

47. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48. Denies the allegations contained in Paragraph 48 of the Complaint.

49. Denies the allegations contained in Paragraph 49 of the Complaint.

50. Denies the allegations contained in Paragraph 50 of the Complaint.

51. Denies the allegations contained in Paragraph 51 of the Complaint.

### U.S. Department of Defense

52. Admits the allegations contained in Paragraph 52 of the Complaint and further affirmatively alleges that all claims related to the U.S. Department of Defense were dismissed; as such, Paragraph 52 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

53. Denies the allegations contained in Paragraph 53 of the Complaint and further affirmatively alleges that all claims related to the U.S. Department of Defense were dismissed; as such, Paragraph 53 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

54. Admits the allegations contained in Paragraph 54 of the Complaint and further affirmatively alleges that all claims related to the U.S. Department of Defense were dismissed; as such, Paragraph 54 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

55. Denies the allegations contained in Paragraph 55 of the Complaint and further affirmatively alleges that all claims related to the U.S. Department of Defense were dismissed; as such, Paragraph 55 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

56. Denies the allegations contained in Paragraph 56 of the Complaint and further affirmatively alleges that all claims related to the U.S. Department of Defense were dismissed; as such, Paragraph 56 is irrelevant, does not support any of ABMC's claims, is defamatory, and should otherwise be stricken.

**WITH RESPECT TO THE FIRST CAUSE OF ACTION**

57. In response to Paragraph 57 of the Complaint, Bailey repeats and realleges all previous paragraphs of this Answer as if fully set forth herein.

58. With respect to Paragraph 58 of the Complaint, alleges that the Employee Compliance Certificate speaks for itself and that Paragraph 58 of the Complaint requests a legal conclusion. To the extent the allegations contained in Paragraph 58 are in any way inconsistent with or contrary to Employee Compliance Certification, Bailey denies the same.

59. With respect to Paragraph 59 of the Complaint, alleges that the Employee Compliance Certificate speaks for itself and that Paragraph 59 of the Complaint requests a legal conclusion. To the extent the allegations contained in Paragraph 59 are in any way inconsistent with or contrary to Employee Compliance Certification, Bailey denies the same.

60. Denies the allegations contained in Paragraph 60 of the Complaint.

61. Denies the allegations contained in Paragraph 61 of the Complaint.

62. Denies the allegations contained in Paragraph 62 of the Complaint.

63. Denies the allegations contained in Paragraph 63 of the Complaint.

64. Denies the allegations contained in Paragraph 64 of the Complaint.

65. Denies the allegations contained in Paragraph 65 of the Complaint.

66. Denies the allegations contained in Paragraph 66 of the Complaint.

**WITH RESPECT TO THE SECOND CAUSE OF ACTION**

67. In response to Paragraph 67 of the Complaint, Bailey repeats and realleges all previous paragraphs of this Answer as if fully set forth herein.

68. With respect to Paragraph 68 of the Complaint, alleges that the Employee Compliance Certificate speaks for itself and that Paragraph 68 of the Complaint requests a legal conclusion. To the extent the allegations contained in Paragraph 68 are in any way inconsistent with or contrary to Employee Compliance Certification, Bailey denies the same.

69. With respect to Paragraph 69 of the Complaint, alleges that the Employee Compliance Certificate speaks for itself and that Paragraph 69 of the Complaint requests a legal conclusion. To the extent the allegations contained in Paragraph 69 are in any way inconsistent with or contrary to Employee Compliance Certification, Bailey denies the same.

70. Denies the allegations contained in Paragraph 70 of the Complaint.

71. Denies the allegations contained in Paragraph 71 of the Complaint.

72. Denies the allegations contained in Paragraph 72 of the Complaint.

**WITH RESPECT TO THE THIRD CAUSE OF ACTION**

73. In response to Paragraph 73 of the Complaint, Bailey repeats and realleges all previous paragraphs of this Answer as if fully set forth herein.

74. Admits the allegations contained in Paragraph 74 of the Complaint.

75. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint.

76. Denies the allegations contained in Paragraph 76 of the Complaint.

77. Denies the allegations contained in Paragraph 77 of the Complaint.

78. Denies the allegations contained in Paragraph 78 of the Complaint.

79. Denies the allegations contained in Paragraph 79 of the Complaint.

80. Denies the allegations contained in Paragraph 80 of the Complaint.

81. Denies the allegations contained in Paragraph 81 of the Complaint.

82. Denies the allegations contained in Paragraph 82 of the Complaint.

## WITH RESPECT TO THE FOURTH CAUSE OF ACTION

83. In response to Paragraph 83 of the Complaint, Bailey repeats and realleges all previous paragraphs of this Answer as if fully set forth herein.

84. Admits the allegations contained in Paragraph 84 of the Complaint.

85. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint.

86. Denies the allegations contained in Paragraph 86 of the Complaint.

87. Denies the allegations contained in Paragraph 87 of the Complaint.

88. Denies the allegations contained in Paragraph 88 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the equitable doctrines of waiver, estoppel, ratification, assumption of risk, failure of consideration, and laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff comes to this Court with unclean hands and therefore is barred from any recovery.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to suffer any damages and/or failed to mitigate its damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred because of Plaintiff's prior and continuing breaches of contract.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the express term of the Employment Compliance Certification.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiff has breached the duty owed to Bailey, implied or otherwise, of good faith and fair dealing.

## EIGHTH AFFIRMATIVE DEFENSE

Bailey affirmatively states that the Complaint is barred because Plaintiff was not deceived or misled by any of Bailey's conduct.

## COUNTERCLAIMS

Bailey as and for his Counterclaims against ABMC states and alleges as follows:

## PARTIES

1. Bailey is a Minnesota resident that resides at 28115 Boulder Bridge Drive, Shorewood, Minnesota 55331.

2. Upon information and belief, ABMC is a Domestic Business Corporation with a principal place of business in the Town of Stuyvesant, County of Columbia, State of New York, more particularly known as 122 Smith Road, in the Town of Stuyvesant, County of Columbia, State of New York.

## FACTUAL BACKGROUND

3. Bailey entered into a valid and enforceable independent contractor agreement with ABMC to provide independent contractor services in exchange for payment.

4. Bailey was an independent consultant for ABMC from September 2011 until ABMC terminated him on December 23, 2016. A true and correct copy of a letter documenting Bailey's status as an independent contractor is attached hereto as Exhibit A.

5. Bailey performed sales representative services for ABMC during his time as an independent contractor for ABMC.

6. Bailey performed the majority of his services for ABMC from his home office in Shorewood, Minnesota.

7. ABMC agreed to pay Bailey on the basis of commission for Bailey's sales services. Bailey agreed to receive a portion of that commission from ABMC on a deferred basis that was payable at the time that his independent contractor relationship with ABMC was terminated.

8. Bailey performed services in furtherance of his independent contractor agreement with ABMC and ABMC breached this agreement by failing to pay Bailey for the services he provided to ABMC.

9. ABMC terminated Bailey on December 23, 2016 in an e-mail from ABMC's Chief Executive Officer, Melissa Waterhouse ("Waterhouse"). That same day, Bailey made a demand on Waterhouse asking when he would receive his deferred commissions, as ABMC owed him a considerable amount of money.

10. On December 28, 2016, Bailey again made a written demand to Waterhouse requesting she send him his compensation for services through December 23, 2016.

11. On January 3, 2017, Waterhouse responded to Bailey with a list of the commissions he would be paid. In response, Bailey requested more detail of the calculation.

12. On January 5, 2017, in acknowledgement and confirmation that ABMC owed Bailey deferred commissions, Waterhouse provided a detailed spreadsheet showing the commissions ABMC owed Bailey. A true and correct copy of the e-mail from ABMC to Bailey with the attached Excel spreadsheet is attached hereto as Exhibit B.

13. On January 13, 2017, Bailey called Waterhouse to inquire about the timing of payment of his deferred commissions. He left a message and she responded to his request in a January 13, 2017 e-mail stating that she would get something to him on the "deferred amount" early next week.

14. On January 23, 2017, Bailey again made a written demand to Waterhouse requesting that the deferred amount owed to him by ABMC be paid immediately. *See* Exhibit C.

15. On January 30, 2017, Waterhouse e-mailed an Excel spreadsheet to Bailey showing the amount of deferred commissions ABMC owed Bailey as $155,128.19. A true and correct copy of the e-mails between Bailey and ABMC related to Bailey's request for the deferred commissions ABMC owed him and the spreadsheet from ABMC showing the total amount of deferred commissions ABMC owes Bailey is attached hereto as Exhibit C.

16. In addition to the deferred commissions, ABMC also never paid Bailey's commission for the date range December 5, 2016 through December 18, 2016. According to ABMC's spreadsheet this amount is $8,909.24. *See* Exhibits B & C.

17. Bailey is also owed his commission for the date range December 19, 2016 to December 23, 2016.

18. On February 26, 2017, Bailey sent another e-mail demand to Waterhouse demanding that, pursuant to chapter 181 of the Minnesota Statutes, ABMC pay all amounts owed to him within 24 hours.

19. On February 27, 2017, Bailey received a notification that Waterhouse read his February 26, 2017 e-mail demand.

20. Pursuant to Minn. Stat. § 181.145, subd. 2(b), ABMC was required to pay, in full, all of Bailey's earned but unpaid commissions and deferred commissions no later than December 26, 2016.

21. Despite Bailey's demand for payment, ABMC has refused to pay Bailey his outstanding earned commissions and deferred commissions.

## COUNT I – BREACH OF CONTRACT

22. Bailey restates and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

23. Bailey and ABMC entered into a valid and enforceable independent contractor agreement where Bailey agreed to perform independent contractor services for ABMC in exchange for paid commissions.

24. Bailey has fully complied with his obligations under the agreement by providing independent contractor services to ABMC.

25. ABMC has breached the agreement by failing and refusing to pay commissions due to Bailey for the services he provided to ABMC.

26. As a result of ABMC's breach of the independent contractor agreement, Bailey has been harmed in an amount greater than $164,037.43.

## COUNT II – FAILURE TO PROMPTLY PAY COMMISSIONS IN VIOLATION OF MINN. STAT. § 181.145

27. Bailey restates and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

28. Bailey agreed to perform services for ABMC in exchange for paid commissions. This agreement is valid and enforceable.

29. Bailey was an independent contractor and a "commission salesperson" within the meaning of Minn. Stat. § 181.145.

30. ABMC terminated Bailey on December 23, 2016.

31. Under the terms of the agreement between ABMC and Bailey, ABMC owes Bailey approximately $164,037.43 in unpaid commissions and deferred commissions. Upon information and belief, all of Bailey's unpaid commissions and deferred commissions relate to goods that have been delivered to and accepted by customers prior to Bailey's termination. As such, Bailey's unpaid commissions and deferred commissions of approximately $164,037.43 represent "commissions earned through the last day of employment" for purpose of Minn. Stat. § 181.145.

32. Bailey has made written demand for payment of all commissions multiple times, including on December 23, 2016 and February 26, 2017, but ABMC refuses to pay Bailey his earned commissions.

33. Pursuant to Minn. Stat. § 181.145, subd. 2(b), ABMC was required to pay, in full, all of Bailey's earned unpaid commissions and deferred commissions no later than December 26, 2016, three days after ABMC terminated Bailey.

34. ABMC has unjustifiably failed to provide such prompt payment of all earned but unpaid commissions and deferred commissions as required by Minn. Stat. § 181.145, subd. 2.

35. As a result, ABMC has violated Minn. Stat. § 181.145 and is liable to Bailey for all earned but unpaid commissions and deferred commissions, which are in excess of $164,037.43, plus interest and other costs and expenses.

36. In addition, under Minn. Stat. § 181.145, subd. 3, Bailey is entitled to a penalty "in an amount equal to 1/15 of the salesperson's commissions earned through the last day of employment" for a maximum of fifteen days. As such, as of January 10, 2017, which is fifteen days after the expiration of the three-day period in which ABMC was required to pay Bailey, Bailey became entitled to twice the amount of his earned but unpaid commissions and deferred commissions.

37. Moreover, pursuant to Minn. Stat. § 181.145 subd. 4(b), ABMC's unjustified refusal to pay Bailey his earned but unpaid commissions and deferred commissions also entitles Bailey to payment by ABMC of the attorneys' fees and costs.

## COUNT III – PROMISSORY ESTOPPEL

38. Bailey restates and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

39. ABMC promised to Bailey that if Bailey provided services to ABMC, that ABMC would pay for such services.

40. At the time that ABMC made these promises, ABMC reasonably foresaw that Bailey would rely on ABMC's promises.

41. In reliance on ABMC's promises, Bailey provided ABMC with services.

42. Based on ABMC's promises to pay Bailey for his services, which induced Bailey to provide the services, justice and equity require that ABMC be estopped from denying its obligations to pay Bailey for those services.

43. As such, Bailey is entitled to a judgment in an amount to be proven at trial in excess of $164,037.43, together with interest, costs, disbursements, and reasonable attorneys' fees and costs.

## COUNT IV – UNJUST ENRICHMENT

44. Bailey restates and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

45. Bailey and ABMC entered into a valid and enforceable independent contractor agreement where Bailey agreed to perform independent contractor services for ABMC in exchange for paid commissions.

46. ABMC realized a benefit as a result of Bailey providing services to ABMC, but ABMC has not paid for those benefits.

47. ABMC has been and will be unjustly enriched at the expense of Bailey if ABMC is allowed to keep, without compensating Bailey, the value received as a result of ABMC's receiving services from Bailey.

48. As a result of ABMC's unjustifiable failure to pay for the value of the services provided by Bailey, ABMC has been unjustly enriched to the detriment of Bailey in the amount of at least $164,037.43 together with interest, costs, disbursements, and reasonable attorneys' fees and costs.

## JURY DEMAND

49. Bailey demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Bailey respectfully requests the following relief:

1. Award Bailey all actual damages, including at least $164,037.43, due under Bailey's agreement to provide independent contractor services to ABMC;

2. Award Bailey $164,037.43, a penalty of the amount of earned but unpaid commissions and deferred commissions pursuant to Minn. Stat. 181.145, subd. 3;

3. Award Bailey all costs, expenses and disbursements available under the law;

4. Award Bailey his attorneys' fees and costs pursuant to applicable law, including without limitation Minn. Stat. § 181.145, subd. 4(b); and

5. Award Bailey any other relief to which he may be justly entitled.

Dated: February 4, 2019                    WINTHROP & WEINSTINE, P.A.

By: /s/ Joseph M. Windler
Joseph M. Windler, Esq. (MN #387758)
*Admitted Pro Hac Vice*
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612)604-6661
O'CONNELL & ARONOWITZ, P.C.
Jeffery A. Siegel (103820)
54 State Street
Albany, New York 12207
(518) 462-5601
Local Counsel for Todd Bailey

16806166v1